No. 46,660

State of Kansas, *Appellee*, v. Gerald Mitchell, *Appellant*.

(502 P. 2d 850)

Opinion filed November 4, 1972.

*Edward Chapman*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: Appellant pleaded guilty to escaping from the penitentiary without breaking in violation of former K. S. A. 21-734. He was sentenced to the statutory penalty for a first offender, *i. e.*, a maximum of three years commencing upon the expiration of his present sentence. He appeals, claiming his guilty plea was coerced by the prosecutor's threats to invoke the habitual criminal act if appellant did not plead guilty—threats which, he asserts, illustrate the unconstitutionality of the act.

Appellant's offense was committed on September 4, 1969, and the information was filed May 6, 1970. However, because of delay caused in part by his request for a commission to examine his competency to stand trial, he did not enter his guilty plea until March 15, 1971. His notice of appeal was filed April 15, 1971.

At the time appellant pleaded guilty and instituted this appeal the proceedings were governed by the new code of criminal procedure, which had become effective July 1, 1970. (Laws 1970, ch. 129.) Under section 22-4602 (1) of that act, if appellant had insisted upon a trial he could have elected to have those proceedings governed by the law in effect at the time the prosecution was commenced. Appeals, however, are governed by the new code even

if commenced prior to its effective date. (K. S. A. 1972 Supp. 22-4602 [2].)

The crucial section of the code, which had been in effect for eight and one-half months when appellant pleaded guilty and for nine and one-half months when he instituted this appeal, is K. S. A. 1972 Supp. 22-3601:

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, except: No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or *nolo contendere: Provided*, Jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K. S. A. 60-1507."

That statute expressly precludes appeals by persons who plead guilty, remitting those who would assert claims like appellant's to their remedy under K. S. A. 60-1507. We have said: "The supreme court has only such appellate jurisdiction as is conferred by statute pursuant to Art. 3, § 3, of the Constitution, and when the record discloses lack of jurisdiction it is the duty of the supreme court to dismiss the appeal." (*State v. Shehi*, 185 Kan. 551, Syl. ¶ 1, 345 P. 2d 684.) Since this court has no jurisdiction of this purported appeal it must be dismissed.

It is so ordered.

APPROVED BY THE COURT.