No. 54,280

STATE OF KANSAS, *Appellee,* v. DANIEL REEVES, *Appellant.*

(652 P.2d 713)

Opinion filed October 22, 1982.

*Ralph J. De Zago,* of Junction City, argued the cause and was on the brief for defendant.

*David R. Platt,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Steven L. Opat,* county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Daniel Reeves appeals from the sentence imposed after he entered a plea of guilty, following plea negotiations, to one count of aggravated robbery. The sentence was ten years minimum to twenty years maximum. As a part of the same plea negotiations he also pled guilty to one count of aggravated burglary, the sentence for which is not an issue in this appeal. Also there is no contention that the State breached any of the provisions of the plea bargain.

The background facts are not complicated. On August 26, 1981, the defendant, along with Alvin Lamont Brown and Harry Henry, Jr., was arrested outside the home of Mr. Melvin Wells in Junction City, Kansas. At that time the automobile they occupied, registered in Reeves' name, was found to contain property identified by Mr. Wells as having been taken from his home. According to Wells the trio had entered his home brandishing a gun, tied him with electrical cords, and robbed him of personal property. When they left, Mr. Wells freed himself and called the police. His

assailants were immediately arrested and charged with aggravated burglary, kidnapping, and aggravated robbery.

Pursuant to a plea agreement, the defendant pled guilty to the charges of aggravated burglary and aggravated robbery. The kidnapping charge was dropped. Brown also pled guilty to the same two charges and stipulated that he had used a handgun in the commission of the crimes. Brown received sentences of five to ten years for aggravated burglary, and five years to life for the aggravated robbery. The mandatory minimum sentence provisions of K.S.A. 21-4618 were applied to Brown for his use of a firearm in the commission of the crimes. Henry pled *nolo contendere*. He was found guilty of aiding and abetting aggravated robbery and sentenced to five to twenty years.

Presentence reports on the three men were compiled and submitted to the trial judge by a Geary County Court Services officer. Reeves' report was favorable and recommended leniency while Brown was found to be psychopathic and a danger to society and himself. As it is the disparity in the sentence given Reeves as opposed to the one assessed to Brown which is involved herein, Henry's report is not germane to this appeal.

As a result of the sentences, Brown received a controlling minimum sentence of five years while Reeves' controlling minimum sentence was ten years. Reeves filed a timely motion for modification of his sentence and the court, after having received a report from the Kansas State Reception and Diagnostic Center, denied the motion. The report was neither overly damaging nor overly favorable but did suggest a positive prognosis for Reeves and that he might be a good candidate for early parole.

The principal complaint the defendant has on appeal is that the trial court based its sentencing decision upon improper rationale, failed to follow the dictates of the sentencing statutes, and therefore abused its discretion. The judge revealed his reasoning when he ruled on the defendant's motion to modify, indicating in effect that because he could only sentence Brown to a mandatory sentence under K.S.A. 21-4618, and could not sentence Reeves in the same manner (see State v. DeCourcy, 224 Kan. 278, 580 P.2d 86 [1978]; State v. Stuart and Jones, 223 Kan. 600, 607, 575 P.2d 559 [1978]), he would simply increase the unarmed codefendant's sentence. The court's purpose was to sentence Reeves to a minimum controlling term which, when the earliest possible

parole date was considered, would still require him to serve approximately the same actual penitentiary time as the defendant who used a firearm.

K.S.A. 21-4601 sets forth the legislative policy to be followed in the sentencing of criminal defendants and states:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

K.S.A. 21-4606 sets forth certain criteria which are to be considered in setting the minimum term to be assessed in any particular sentence. It provides:

"(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

In the instant case it appears that the court gave no consideration whatsoever to the mandate of K.S.A. 21-4601 and made no attempt to apply the criteria of K.S.A. 21-4606 to this particular defendant. The court's sole objective in sentencing this defendant was to assess a minimum sentence which the court felt would assure that Reeves would serve as much time as Brown, the codefendant who actually used the firearm. We have often stated that when the minimum sentence lies within the statutory limits as set forth by the legislature, it will not be disturbed on appeal in

the absence of special circumstances showing an abuse of discretion. See *State v. Steward,* 219 Kan. 256, 547 P.2d 773 (1976). In two recent cases, this court has discussed the nature of circumstances constituting an abuse of discretion in sentencing. *State v. Buckner,* 223 Kan. 138, 574 P.2d 918 (1977); *State v. Coe,* 223 Kan. 153, 574 P.2d 929 (1977).

In *Buckner* we stated:

"The legislature has dictated, in K.S.A. 21-4606, certain minimum factors to be considered in imposing sentence. Although the statute may not require it, we feel that when the sentence exceeds the minimum, it is better practice for the trial court to make, as part of the record, a detailed statement of the facts and factors considered by the court in imposing sentence. Such a record would be of great assistance to the appellate courts in determining whether the trial court has abused its discretion." p. 151.

In the instant case the trial judge, in commenting upon the original sentence and in denying the motion to modify the sentence, stated:

"THE COURT: Well, I think everybody is correct, it was my thought at the time that because of — of the involvement of all three individuals and the — in a crime of aggravated crimes, there being some evidence that at one time or another the gun had been passed back and forth between individuals, it just so happened at the time that this event took place, it was in the hands of one person, that person being the only one under the statutes, I believe, that the State could charge with the crime of aggravated criminal activity, and I don't have any, and I see nothing wrong with what I did, notwithstanding whatever the parole board's position may take, and I don't consider that when I make my sentences, I'm not in the least bit concerned what the parole board may do, that's their job and they have to do it, and I don't presume to tell them what to do, but I do know, I'm not completely unaware of what happens in these cases, and it was my intent at that time to see that all of these people would be eligible for parole about the same time, and I think I could accomplish that. Maybe I have, I don't know whether they can — whether they can make Mr. Reeves eligible for parole earlier or later, I suppose that depends on how he gets along.

"The diagnostic report does not indicate certainly any probation, so then I have no trouble with that, I would not make such — such a ruling, based upon my knowledge of the case and the recommendation of the diagnostic center, but at the same time, Mr. De Zago, with all due respect to your position in the matter with regard to whether the parole board should be taken into account or not, I think that what I did was attempt to make those sentences as fair and equal as I could to avoid disparity, notwithstanding that one other person had the gun in his hand, I think it was all, it was — the common plan or the common scheme was carried by one and all and all are equally guilty even though one may not be able to charge Mr. Reeves because he didn't have a smoking gun in his hand, nonetheless, I think the result achieved was what I intended to do and I think it's fair and it's legal under the law. Therefore, the motion for downward reduction of the sentence is denied as well as probation."

Although disparity in sentencing is a problem generally recognized by the judiciary (see *Buckner,* 223 Kan. at 150) and equal treatment may be a laudable goal in most cases, the trial court's attempt to assess equal punishment to Brown and Reeves seriously backfired. The trial judge did not achieve his desired results. By ignoring the individual characteristics of the two and the other statutory mandates, he attempted to dictate that both men would be incarcerated approximately the same amount of time before becoming eligible for parole; however, his plan was frustrated by the 1982 legislature.

K.S.A. 22-3717a, repealed by L. 1982, ch. 137, § 4, formerly required anyone sentenced under K.S.A. 21-4618 (*e.g.* Brown) to serve the *entire* minimum sentence imposed. Under K.S.A. 22-3717 as amended it appears Brown may *now* have his mandatory sentence reduced by "good time credits." Pertinent portions of the new statute read:

"An inmate, including an inmate sentenced pursuant to K.S.A. 21-4618, shall be eligible for parole after serving the entire minimum sentence imposed by the court, less good time credits, except that an inmate sentenced to imprisonment for conviction of a class A felony shall in no case be eligible for parole before serving 15 years of confinement, regardless of good time credits." L. 1982, ch. 137, § 3(a).

"As used in this section, 'good time credits' means credits of one day for every three days served and one month for every year served, awarded on an earned basis pursuant to rules and regulations adopted by the secretary of corrections." L. 1982, ch. 137, § 3(j).

As the defendant points out, it appears he would have fared better if he had used a gun. He was sentenced to a ten-year sentence while Brown, essentially a more antisocial individual, has a five-year sentence for the same crime, with parole potential now available *earlier* to the more dangerous individual. The attempt of the trial judge to look beyond the defendant's individual characteristics and the statutory guidelines created a disparity in punishment which actually penalizes Reeves and fails to assess similar terms of confinement to the two codefendants. The trial court's intention and decision were totally outside the dictates of the sentencing statutes.

It is not for this court or the trial court to pass judgment upon the wisdom of the legislative policy and sentencing criteria set forth in the statutes. It is the duty of the courts to follow those legislative mandates. The record is clear that the trial court did

not take into consideration the individual characteristics, circumstances, needs and potentialities as they applied to appellant and neither did the court consider the criteria set forth in K.S.A. 21-4606. We have carefully reviewed the record and conclude that the trial court's total failure to consider the mandates of K.S.A. 21-4601 and K.S.A. 21-4606 constituted an abuse of discretion which requires that the sentence be set aside and that the defendant be resentenced in accordance with the proper statutory procedure.

Based upon the unusual facts and circumstances of this case, the sentence imposed upon Daniel Reeves for aggravated robbery is vacated and the case is remanded with directions that the defendant be resentenced in compliance with the provisions of K.S.A. 21-4601 and K.S.A. 21-4606. It is further ordered that such resentencing shall be by a different judge to be selected by the administrative judge of the Eighth Judicial District.

FROMME, J. not participating.