No. 55,419

STATE OF KANSAS, *Appellee,* v. ROBERT GREEN, *Appellant.*

(666 P.2d 716)

Opinion filed July 15, 1983.

*Chris Biggs,* deputy public defender designate, argued the cause, and *Ralph J. De Zago,* public defender, was on the briefs for the appellant.

*David R. Platt,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Steven L. Opat,* county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant, Robert Green, from the sentence imposed and denial of probation after Green had entered a plea of guilty to aggravated robbery (K.S.A. 21-3427). The defendant does not challenge his conviction. He contends that the sentence imposed and the denial of probation constituted an abuse of discretion by the district court.

The State, at the outset, raises a jurisdictional issue. It maintains that, under the Kansas Code of Criminal Procedure, the Kansas appellate courts have no jurisdiction to review the sentence imposed or a denial of probation in any case *where the conviction is the result of a plea of guilty by the defendant.* It is the State's position that, under those circumstances, defendant's only remedy is a proceeding brought pursuant to K.S.A. 60-1507. In its brief, counsel for the State concedes that the appellate courts have jurisdiction to review sentences and probation orders in cases where defendant is found guilty after a jury trial or trial to the court.

In the past, the appellate courts of Kansas have permitted a review of the sentence imposed or denial of probation in a criminal case. In *State v. Buckner,* 223 Kan. 138, 574 P.2d 918 (1977), it was held that when a sentence is fixed by a trial court, within permissible limits of the applicable statutes, the sentence is not erroneous and, in the absence of special circumstances showing an abuse of judicial discretion, will not be disturbed on appeal. The judicial discretion with which a court is vested is one to be exercised not arbitrarily, but soundly, and with due regard to what is right and equitable under the circumstances and the law.

In *State v. Caldrone,* 218 Kan. 471, 543 P.2d 1028 (1975), the defendant appealed from the denial of a motion to reduce the defendant's term of confinement filed pursuant to K.S.A. 21-4603, after the defendant's original conviction had already been considered in a previous case and affirmed by this court. In *State v. Rios,* 225 Kan. 613, 592 P.2d 467 (1979), an appeal was taken from the denial of a motion to modify sentence filed under the same statute. Appeals have also been taken by a defendant and determined by this court from orders of a district court involving probation matters. In *State v. Yost,* 232 Kan. 370, 654 P.2d 458 (1982), a direct appeal was permitted from an order which modified the restitution provision of an earlier order of probation. The State challenged appellate jurisdiction in a probation matter, relying on *State v. Benson,* 207 Kan. 453, 458, 485 P.2d 1266 (1971). *Benson* holds that a decision of a trial court denying probation is not a subject for review by an appellate court. In *Yost,* the court refused to follow *Benson* and held that, although a trial court has exclusive and continuing jurisdiction in probation matters, the orders of a trial court are subject to appellate review for illegal action or abuse of discretion.

Our decision in *Yost* is consistent with the recently developed policy of this court to allow appellate review of sentences, including a denial of probation. Since *Benson* was decided, the appellate courts in this country have recognized the public interest in permitting appellate review of sentences. The American Bar Association Standards for Criminal Justice Relating to Appellate Review of Sentences provides in Standard 1.1 that judicial review should be available for all sentences imposed in

cases where provision is made for review of the conviction. Standard 1.2 states as follows:

"The general objectives of sentence review are:

"(i) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest;

"(ii) to facilitate the rehabilitation of the offender by affording him an opportunity to assert grievances he may have regarding his sentence;

"(iii) to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process; and

"(iv) to promote the development and application of criteria for sentencing which are both rational and just."

As noted above, our more recent cases have followed these standards and permitted appellate review of sentences. Probation is an integral part of the Kansas sentencing process, since, under our statutes, probation is one of the alternatives which may be imposed by a trial court in sentencing a defendant. See K.S.A. 21-4603. We reject the holding and any language to the contrary in *State v. Benson,* 207 Kan. 453.

The jurisdictional issue raised by the State requires us to consider the impact of K.S.A. 22-3602(*a*) which provides as follows:

"(*a*) An appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against said defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, except that no appeal shall be taken by the defendant from a judgment of conviction before a district judge or associate district judge upon a plea of guilty or *nolo contendere,* except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507."

Simply stated, it is the State's position that the exception in K.S.A. 22-3602, that no appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, precludes review of a sentence imposed after a plea of guilty or nolo contendere. Although at first blush this contention would seem to have merit, we have concluded that the Kansas statutory scheme does not require such a result. It should be noted that K.S.A. 22-3602 provides that an appeal to an appellate court may be taken by the defendant as a matter of right *from any judgment against the defendant in the district court.* K.S.A. 21-3110 defines the term "conviction" as follows:

" 'Conviction' includes a judgment of guilt entered upon a plea of guilty."

Under K.S.A. 22-2201, words or phrases which are defined in the Kansas criminal code are to be given the same meanings when used in the Kansas Code of Criminal Procedure.

Under K.S.A. 22-3422, the court in a criminal case, following either a verdict of guilty or a finding of guilty by the trial court or after entry of a plea of guilty, pronounces a judgment of conviction against the defendant. Following the judgment of conviction, the sentencing process begins and provision is made for adequate time for the filing and disposition of post-trial motions and for completion of the presentence investigation. (K.S.A. 22-3424[3]). The court then imposes sentence which may include the granting or denial of probation. It is clear that this is a judgment of sentence as distinguished from the prior judgment of conviction.

We also note K.S.A. 22-2103, which requires the courts of this state to construe the criminal code to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. It is clear to us that, by permitting a direct appeal from the sentence imposed or denial of probation in any case following defendant's conviction either by trial or plea of guilty, the result will be simplicity in procedure and the elimination of unjustifiable expense and delay.

If the position of the State is correct that, in order to challenge his sentence or denial of probation, a defendant must file a new separate action pursuant to K.S.A. 60-1507, with the appointment of an attorney to represent him in that proceeding and affording the defendant a new evidentiary hearing if merited by the allegations of the petition, the result would be contrary to the stated purpose of the Kansas Code of Criminal Procedure to secure simplicity in procedure and to eliminate unjustifiable expense and delay.

In the past, this court has permitted appeals from the sentence imposed after a plea of guilty and has determined whether the district court's sentence constituted an abuse of discretion. See for example *State v. Reeves*, 232 Kan. 143, 652 P.2d 713 (1982), where it was held that the trial court had failed to follow the mandates of K.S.A. 21-4601 and 21-4606 in sentencing the defendant, and as a result thereof the trial court had abused its discretion. The sentence was set aside and the case was remanded for sentencing in accordance with the statutory provi-

sions. The issue of jurisdiction of the supreme court was not raised in *Reeves*. We find no Kansas cases holding specifically that the Kansas appellate courts have jurisdiction to review a sentence or denial of probation following a plea of guilty or nolo contendere by a defendant. We have no hesitancy, however, in holding that a direct appeal by the defendant from the sentence imposed in a criminal action following a plea of guilty is permissible under the Kansas Code of Criminal Procedure and that the appellate courts of Kansas have jurisdiction to determine the appeal. We hold, however, that if a direct appeal is taken under those circumstances, the identical issue may not be raised again in a subsequent proceeding brought under K.S.A. 60-1507 in the absence of changed or unusual circumstances. We further hold that K.S.A. 60-1507 is an alternative remedy which may be used to challenge a sentence, if no direct appeal was taken by the defendant attacking the sentence imposed. We thus find that this court has jurisdiction in this case and we will proceed to consider the merits of the defendant's appeal.

The rule is clearly established that when a sentence is fixed within the permissible limitations of the applicable statute the sentence, in the absence of specific circumstances showing an abuse of discretion, will not be disturbed on appeal. The facts in this case are undisputed and are as follows: The case arose out of the aggravated robbery of the Travelers Market in Grandview Plaza, Geary County, Kansas, by a lone robber armed with a knife. The robber was the defendant, Robert Green, who had recently been court martialed and suspended by the United States Army. The defendant robbed the store in order to obtain money to return to his home in Pennsylvania. The evidence showed that the defendant put a knife to the victim's throat and threatened to kill him if he did not pay over the money from the cash register. As a result of this threat, about $200 was obtained. Prior to sentence, a report was prepared in which the district court services officer did not recommend probation to the court, but recommended the minimum sentence. The defendant had a prior juvenile misdemeanor charge involving marijuana. The district court imposed a sentence of six to twenty years for aggravated robbery, a class B felony. Under K.S.A. 1982 Supp. 21-4501 the sentence prescribed for a class B felony is a minimum of not less than five years and not more than fifteen years and a maximum of not less than twenty years nor more than life.

We have considered the entire record in the case and concluded that, under the circumstances, the sentence and denial of probation did not constitute an abuse of discretion by the sentencing court.

The judgment of the district court is affirmed.

SCHROEDER, C.J., dissenting: The statutory scheme of the Legislature is clear and the Supreme Court has no jurisdiction to hear this appeal.

The factual situation presented by the record in this case is simple and, assuming jurisdiction, presents an issue as to whether the trial court abused the exercise of its power of discretion in sentencing the defendant in accordance with the statutory scheme and in denying probation. While it may be said the facts are immaterial and irrelevant to a determination of the jurisdictional issue in this case, the facts are vitally important to analyze what the court has done by assuming jurisdiction.

Here the court must apply a tortured construction to the language in K.S.A. 22-3602(*a*) to permit an appeal by the defendant after he pleads guilty to the charges against him. The specific language of the statute applicable herein is: "[E]xcept that no appeal shall be taken by the defendant *from a judgment of conviction* before a district judge or associate district judge upon a plea of guilty or nolo contendere, except that jurisdictional *or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507.*" (Emphasis added.)

The language above quoted simply says without equivocation or ambiguity that what the defendant attempts to raise by this appeal must be raised by a proceeding under K.S.A. 60-1507. That statute reads:

"**Prisoner in custody under sentence.** (*a*) *Motion attacking sentence.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence.

"(*b*) *Hearing and judgment.* Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall

cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate.

"(c) *Successive motions.* The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"(d) *Appeal.* An appeal may be taken to the appellate court as provided by law from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"(e) *Exclusiveness of remedy.* An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced said applicant, or that such court has denied said applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of said applicant's detention."

See the numerous citations in the annotation following K.S.A. 60-1507.

The madness of indigent criminal defendants, who have a constitutional right to appointed counsel that are paid by the taxpayers of the state, to appeal must be curbed and curtailed as the Legislature intended. These criminal defendants have nothing to lose by an appeal, if permitted, and in reality do nothing more than lash out at society again by forcing the expenditure of public funds.

Once the Supreme Court establishes jurisdiction to appeal from a conviction resulting from a plea of guilty or nolo contendere, every attorney appointed to represent an indigent criminal defendant where conviction results from a plea of guilty or nolo contendere *will be required to appeal* if the attorney is to avoid the charge of incompetence by that defendant in a subsequent K.S.A. 60-1507 proceeding. It is simply a part of the legal maneuvering to *exhaust state remedies* before the indigent defendant proceeds with further challenges in the federal courts. What the court has done is to proliferate costly appeals to the appellate courts adding to the congestion the Legislature sought

to avoid, contrary to the avowed purpose of the decision by the majority where it is stated in the opinion: "[T]he result will be simplicity in procedure and the elimination of unjustifiable expense and delay." What the court is doing by this decision is providing a welfare program for attorneys at state expense. The provisions of K.S.A. 1982 Supp. 60-2007 are not applicable to criminal actions or proceedings brought under K.S.A. 60-1507 to prevent frivolous claims in court proceedings.

The dicta contained in *State v. Reeves*, 232 Kan. 143, 652 P.2d 713 (1982) (where jurisdiction was not raised by the parties); and *State v. Yost*, 232 Kan. 370, 654 P.2d 458 (1982); coupled with *State v. Coe*, 223 Kan. 153, 574 P.2d 929 (1977); and *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977), does not stand for the proposition that every sentence in excess of the minimum, or where probation is denied, is appealable on the ground that the trial court abused the exercise of its power of discretion, particularly after a plea of guilty or nolo contendere.

The provisions of K.S.A. 22-3602(*a*) here applicable were first enacted by the Legislature in 1976 amending 3602(*a*), and made effective January 10, 1977, which corresponded with the establishment of the Kansas Court of Appeals and the relaxation of the rules permitting appeals to the appellate courts (L. 1976, ch. 167).

This court without statutory guidance established on its own the rule set forth in *State v. Benson*, 207 Kan. 453, 485 P.2d 1266 (1971). There the court adhered to the case law and the probation statute as it previously existed, holding that the granting or termination of a parole by the trial court was not subject to review by an appellate court. In the opinion the court said:

"The granting and revocation of probation is a matter entrusted by the legislature to the trial court and should remain there. An appellate court has no personal contact with an applicant for probation and is in no position to evaluate and determine the necessary factors upon which any probation should be based. Probation is a continuing relationship requiring constant supervision. This an appellate court cannot provide.

"The granting of probation is exclusively a function of the trial court and we hold a decision of the trial court denying probation is not subject to review by an appellate court." p. 458.

Cases from other jurisdictions and the American Bar Association Standards for Criminal Justice Relating to Appellate Review of Sentences cited in the majority opinion are irrelevant. Our

Legislature has specifically dealt with the subject regarding appeals where a conviction results from the entry of a plea of guilty or nolo contendere by a defendant in a criminal action. K.S.A. 22-3602(*a*). The Legislature made provision for review of sentences in the sentencing court by proceedings under K.S.A. 60-1507 from which appeals can be taken to the appellate courts.

It is respectfully submitted the Legislature granted no jurisdiction for the court to entertain this appeal.

McFARLAND, J., dissenting: In *State v. Mitchell*, 210 Kan. 470, 502 P.2d 850 (1972), this court held:

"The supreme court has only such appellate jurisdiction as is conferred by statute pursuant to Art. 3, § 3, of the Constitution, and when the record discloses lack of jurisdiction it is the duty of the supreme court to dismiss the appeal.

"K.S.A. 1972 Supp. 22-3601 precludes appellate review in criminal cases where the defendant pleaded guilty after July 1, 1970." Syl. ¶¶ 1 and 2.

The majority apparently believes fancied convenience and expediency are substitutes for jurisdiction. I do not agree. I would dismiss the appeal.