No. 57,533

STATE OF KANSAS, *Appellee,* v. CHRISTOPHER E. HAINES, *Appellant.*
(712 P.2d 1211)

Opinion filed January 17, 1986.

*S. A. (Tim) Scimeca,* of Wichita, argued the cause and was on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Neal B. Brady,* assistant district attorney, were on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action resulting in Christopher Haines, appellant, entering a plea of guilty to two counts of aggravated criminal sodomy (K.S.A. 1984 Supp. 21-3506), one count of rape (K.S.A. 1984 Supp. 21-3502), and one count of kidnapping (K.S.A. 21-3420).

The trial court sentenced Haines to fifteen years to life on each count of aggravated sodomy to run consecutively, and fifteen years to life for rape and fifteen years to life for kidnapping, with the latter sentences to run concurrently with each other as well as with the aggravated sodomy sentences. The court also directed these sentences to run consecutively with any sentence for a previous rape conviction reinstated upon Haines' parole revocation.

Haines filed a direct appeal, arguing the district court's refusal to grant probation and the imposition of maximum sentences constituted an abuse of discretion which violated the constitutional prohibition against cruel and unusual punishment. He makes no allegation the sentence was the result of partiality, prejudice or corrupt motive or that it is outside the statutory limits. Thus no issue on sentencing is raised.

The only remaining issue is one of jurisdiction. K.S.A. 22-3602(a) provides:

"An appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against said defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, *except that no appeal shall be taken by the defendant from a judgment of conviction before a district judge or associate district judge upon a plea of guilty or nolo contendere,* except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507." (Emphasis added.)

By pleading guilty to the charges against him, appellant Haines falls squarely within the exception emphasized above and has no right of direct appeal of a denial of probation; appellant's only remedy to challenge his sentence is through a K.S.A. 60-1507 motion. It is a cardinal rule of statutory construction that a clear, unambiguous, constitutional statute is not subject to judicial construction. K.S.A. 22-3602(a) meets that test.

Appellate review of trial court proceedings is not a fundamental right and must have its genesis in either the constitution or statute. The constitution has no provision creating appellate jurisdiction and the foregoing statute clearly denies a direct appeal here. Thus, we do not have jurisdiction of this appeal. Any statements in *State v. Yost,* 232 Kan. 370, 654 P.2d 458 (1982), or *State v. Green,* 233 Kan. 1007, 666 P.2d 716 (1983), inconsistent with this opinion are overruled.

The appeal is dismissed.

PRAGER, J., dissenting: I respectfully dissent from Syllabus ¶ 2 and the corresponding portion of the opinion. I agree with the majority that the controlling statute is K.S.A. 22-3602(a), which gives to a defendant the right to appeal *any judgment* against the defendant in the district court and, upon appeal, *any decision* of the district court made in the progress of the case may be reviewed, except that no appeal shall be taken by the defendant from a *judgment of conviction* before a district judge upon a plea of guilty or nolo contendere.

The rationale of the court's decision is that, because the defendant entered a plea of guilty, the statute is applicable and he has no right to a direct appeal from a denial of probation. Logically, the same rationale would also apply to an appeal from the sentence imposed after any judgment of conviction based upon a plea of guilty. The opinion, however, assumes that this is not true, because the defendant's challenge to the sentences

imposed are not determined on the basis of want of jurisdiction but solely on the basis that no issue involving sentencing has been raised. This is confusing.

The right of a defendant to a direct appeal to the appellate courts from the imposition of a sentence or a denial of probation following a plea of guilty was established by this court in *State v. Yost*, 232 Kan. 370, 654 P.2d 458 (1982). For some reason not expressed in the opinion, the majority of the court has now reached a contrary result. As noted in *State v. Green*, 233 Kan. 1007, 666 P.2d 716 (1983), the appellate courts of Kansas for many years have permitted a review of the sentence imposed or denial of probation in a criminal case. In recent years, the appellate courts in this country have recognized the public interest in permitting appellate review of sentences. The American Bar Association Standards for Criminal Justice Relating to Appellate Review of Sentences provides in Standard 1.1 that judicial review should be available for all sentences imposed where provision is made for review of the conviction.

Probation is an integral part of the Kansas sentencing process. Under K.S.A. 1984 Supp. 21-4603, probation is one of the alternative dispositions which may be imposed by a trial court following a judgment of conviction. K.S.A. 22-3602(a) provides that an appeal to an appellate court may be taken by an individual *as a matter of right from any judgment against the defendant* in the district court. As noted heretofore, the only exception is that no appeal shall be taken from a *judgment of conviction before a district judge on a plea of guilty or nolo contendere.*

To reach the conclusion of the majority, it is necessary to hold that a judgment of sentence or a denial of probation is included within the term judgment of conviction. That interpretation is contrary to the express provisions of other sections of the criminal code and the code of criminal procedure. As noted in *State v. Green*, 233 Kan. at 1009, the term "conviction" is defined in K.S.A. 21-3110 as follows:

" 'Conviction' includes a judgment of guilt entered upon a plea of guilty."

K.S.A. 22-2201 provides that words or phrases which are defined in the Kansas Criminal Code are to be given the same meanings when used in the Kansas Code of Criminal Procedure.

K.S.A. 22-3422 provides that, following a plea or verdict of guilty, when defendant appears for judgment, the court shall

"pronounce judgment against the defendant." This is the "judgment of conviction." Following the judgment of conviction, the sentencing process begins and provision is made for post-trial motions and for completion of the presentence investigation. Under K.S.A. 22-3424, the court enters judgment imposing sentence which may include the granting or denial of probation. It is clear that this is a "judgment of sentence" as distinguished from the prior "judgment of conviction." In the past, this court has permitted appeals from the sentence imposed after a plea of guilty and has determined whether the district court's sentence in the particular case constituted an abuse of discretion. See, for example, *State v. Reeves*, 232 Kan. 143, 652 P.2d 713 (1982), where it was held that the trial court had failed to follow the mandates of K.S.A. 21-4601 and 21-4606 in sentencing the defendant, and as a result thereof the trial court had abused its discretion. The case was reversed and remanded for sentencing in accordance with the statutory provisions.

The granting or denial of probation is a part of the sentencing process. We specifically so held in *State v. Owens & Carlisle*, 210 Kan. 628, 636, 504 P.2d 249 (1972). At page 636 of the opinion, the court referred to probation and stated that "[t]he initial grant or denial of probation or parole under 21-4603 is a part of the sentencing process vested in the trial court and is not to be arbitrarily dispensed with no matter how well-intentioned the motives may be."

The right of a defendant in a criminal case to an appeal following conviction or imposition of sentence or denial of probation is an important right granted to a defendant by the statutes of Kansas. The purpose of granting a defendant a right of appeal is to provide a remedy for and a protection against arbitrary actions by a trial judge. It is an important safeguard against judicial tyranny. I respectfully dissent from the majority opinion.

MILLER, J., joins the foregoing dissenting opinion.