No. 58,716

STATE OF KANSAS, *Appellee*, v. RICHARD G. HARROLD, *Appellant*.

(722 P.2d 563)

Opinion filed July 18, 1986.

*Steven R. Zinn*, supervising attorney, of Kansas Appellate Practice Clinic, of Lawrence, argued the cause, and *Benjamin C. Wood*, chief appellate defender, of Topeka, and *Mark J. Sachse*, legal intern, of Lawrence, were with him on the brief for appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Debra Barnett*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Richard G. Harrold, entered pleas of guilty to charges of aggravated incest, K.S.A. 1985 Supp. 21-3603(2)(a), a class D felony, and aggravated criminal sodomy, K.S.A. 1985 Supp. 21-3506, a class B felony. His pleas were accepted by the trial court, he was found guilty of those offenses, and he was subsequently sentenced at a separate sentencing hearing after psychological and presentence reports were received by the trial court. He appeals, contending that the trial

court abused its discretion in imposing an excessive sentence upon him and by failing to consider the legislatively mandated factors set forth in K.S.A. 21-4601 and 21-4606.

The first issue facing us in this appeal is the matter of jurisdiction. In *State v. Haines*, 238 Kan. 478, 712 P.2d 1211 (1986), a majority of the court held that one who pleads guilty may not, by direct appeal, challenge his sentence or the denial of probation; his only remedy is by way of a K.S.A. 60-1507 motion. We noted that an appellant who challenges the sentence imposed upon him raises no justiciable issue on appeal in the absence of an allegation that the sentence was the result of partiality, prejudice, or corrupt motive or that it exceeds the statutory limits. We concluded that we had no jurisdiction to entertain Haines's appeal. The sentences imposed on Harrold by the trial court are clearly within the limits fixed by statute, and he does not allege that the sentences were the result of partiality, prejudice, or corrupt motive. Harrold pled guilty. Clearly, under our opinion in *Haines*, we would not have jurisdiction. We deem it appropriate at this time to review that decision in the light of both earlier and later cases.

K.S.A. 22-3602(a) provides:

"An appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against said defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed, except that no appeal shall be taken by the defendant from a judgment of conviction before a district judge or associate district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507."

K.S.A. 21-3110, a part of the Kansas Criminal Code, defines various words and phrases. Subsection (4) reads:

"(4) 'Conviction' includes a judgment of guilt entered upon a plea of guilty."

K.S.A. 22-2201(2), a section of the Kansas Code of Criminal Procedure, provides:

"(2) Words or phrases not defined in this code but which are defined in the Kansas criminal code shall have the meanings given therein except when a particular context clearly requires different meanings."

Prior to the enactment of K.S.A. 22-3602, quoted above, K.S.A. 1972 Supp. 22-3601 provided in substance that no appeal could be taken by the defendant from a judgment of conviction upon a

plea of guilty or nolo contendere. In *State v. Dunham,* 213 Kan. 469, 517 P.2d 150 (1972), the defendant pled guilty to the offense of taking indecent liberties with a ward. The imposition of sentence was suspended and he was placed on probation. Later, probation was revoked and defendant was sentenced. He filed a motion to set aside his plea of guilty and an additional motion for probation. The trial court denied these motions. Dunham appealed from his judgment of conviction, from the order revoking his probation, and from the overruling of his motion to withdraw his plea. The State filed a motion to dismiss the appeal, contending that the appeal was precluded by K.S.A. 1972 Supp. 22-3601. Under the circumstances of that case, we passed over the State's motion to dismiss and considered the appeal on its merits.

In *State v. Buckner,* 223 Kan. 138, 574 P.2d 918 (1977), defendant, after a jury trial, contended on appeal that the trial court abused its discretion in imposing a controlling 90-years-to-life sentence upon him. Though he did not allege partiality, prejudice, or corrupt motive, or that the sentences exceeded the statutory maximum, we entertained the appeal, and held that the action of the trial court was arbitrary, unreasonable, and an abuse of discretion. We vacated the sentence and remanded for resentencing.

In *State v. Reeves,* 232 Kan. 143, 652 P.2d 713 (1982), defendant entered a plea of guilty to one count of aggravated robbery and one count of aggravated burglary. After sentence was imposed, Reeves took a direct appeal, contending that the trial court based its sentencing decision upon improper rationale, failed to follow the dictates of the sentencing statute, and abused its discretion. Without referring to K.S.A. 22-3602 or otherwise discussing jurisdiction, we entertained the appeal.

In *State v. Green,* 233 Kan. 1007, 666 P.2d 716 (1983), defendant took a direct appeal from the sentence imposed and denial of probation after he had entered a plea of guilty to aggravated robbery. He did not challenge his conviction. He contended instead that the sentence imposed and the denial of probation constituted an abuse of discretion. We considered K.S.A. 22-3602(a) and concluded that the sentencing process follows a judgment of conviction but is separate and apart therefrom, and a majority of the court held that, while Green could not

appeal from the judgment of conviction, he could appeal from the sentence imposed and from the denial of probation. We then reviewed the sentence, which was fixed within the permissible limitations of the applicable statute, and concluded that the sentence imposed and the denial of probation did not constitute an abuse of discretion of the sentencing court.

*Green* was followed by *Haines*, which overruled *Green* and held that one who pleads guilty may not take a direct appeal challenging the denial of probation or the sentence imposed. On the same day that the *Haines* opinion was decided, we handed down our unanimous opinion in *State v. Booze*, 238 Kan. 551, 712 P.2d 1253 (1986). In the trial court Booze entered a plea of guilty to two separate charges of driving while under the influence of alcohol. He appealed from the sentence imposed, contending that the trial court erred by failing to sentence him as a first offender on the second offense. Without discussing jurisdiction, we considered the merits of the appeal and affirmed.

Next came *State v. Johnson*, 239 Kan. 124, 716 P.2d 192 (1986). Johnson was convicted of first-degree murder and aggravated robbery upon his pleas of nolo contendere. He took a direct appeal, contending that the disparity between the sentences imposed upon him and the sentences imposed upon his codefendant constituted an abuse of judicial discretion. He made no claim that the sentences imposed were the result of partiality, prejudice, or corrupt motive, or that they exceeded the limitations prescribed by statute. Again, without discussing jurisdiction, we entertained the appeal and unanimously decided it upon its merits.

Finally, on June 13, 1986, we decided *State v. Turner*, 239 Kan. 360, 721 P.2d 255 (1986). Turner entered a plea of guilty and was later sentenced and placed on probation. His probation was revoked and he was committed to custody. He then filed a motion to withdraw his plea of guilty and after a hearing the trial court denied the motion. Turner appealed. The Court of Appeals considered his motion to set aside his plea of guilty as a proceeding under K.S.A. 60-1507 and assumed jurisdiction of the case. In an unpublished opinion, it reversed. We granted review. Without discussing jurisdiction, we considered the merits of the case and, upon the basis of an expanded record, reversed the Court of Appeals and affirmed the trial court. Also, see *State v. Alsup*, 239 Kan. 673, 722 P.2d 1100 (1986).

Under K.S.A. 22-3602(a), do we have jurisdiction of this appeal? We conclude that we do. Harrold is not challenging the judgment of conviction and indeed he may not do so by direct appeal under the statute (except, perhaps, under extremely rare factual circumstances not here involved). He is not appealing from or directly challenging the trial court's denial of probation, and we need not deal with that subject. Harrold challenges only the sentence imposed, contending that the trial court abused its discretion in sentencing (1) by failing to consider the legislatively mandated factors and (2) by imposing an excessive sentence. We hold that one who pleads guilty or nolo contendere is not precluded by K.S.A. 22-3602 from taking a direct appeal *from the sentence imposed.* Further, an appellant need not allege that the sentence was the result of partiality, prejudice, or corrupt motive, or that it exceeds the statutory limits, in order to present a justiciable issue. Any defendant, whether convicted by plea or trial, may challenge his or her sentence on appeal. Statements to the contrary in *State v. Haines,* 238 Kan. 478, are overruled.

The defendant was convicted of aggravated incest, K.S.A. 1985 Supp. 21-3603(2)(a), a class D felony, in that he did "lewdly fondle and touch the person of [his eight-year-old daughter] with the intent . . . to arouse or satisfy [his] sexual desires . . . ." Also, he was convicted of aggravated criminal sodomy, K.S.A. 1985 Supp. 21-3506, a class B felony, in that he did "engage in oral copulation with [a five-year-old girl]."

Aggravated incest, a class D felony, is punishable by an indeterminate term of imprisonment, the minimum not less than two years nor more than three years and the maximum not less than five years nor more than ten years. K.S.A. 1985 Supp. 21-4501. For this offense, Harrold was sentenced to serve a minimum term of not less than two years nor more than eight years.

Aggravated criminal sodomy, a class B felony, is punishable by an indeterminate term of imprisonment, the minimum not less than five nor more than fifteen years and the maximum not less than twenty years nor more than life. K.S.A. 1985 Supp. 21-4501. For this offense Harrold was sentenced to serve a minimum term of not less than ten years and a maximum term of not more than thirty years. The sentences imposed, neither of which is the maximum term provided by statute, but both of which exceed the

statutory minimums, are to be served concurrently. The controlling sentence is thus the ten-to-thirty-year sentence.

K.S.A. 21-4601 states the legislative policy to be followed in the sentencing of criminal defendants. It reads:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

This section does not enumerate factors to be considered but, as the 1968 Judicial Council report observes, "probably expressses the current objectives of the correctional process." K.S.A. 21-4606 directs a sentencing court to fix the lowest minimum term which, *in the opinion of the court*, "is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime." Thereafter, that statute sets forth certain criteria which—while not controlling—are to be considered by a sentencing court in fixing the minimum term of imprisonment in each case. The trial court did not expressly discuss these on the record.

In *State v. Buckner*, 223 Kan. at 151, we said:

"The legislature has dictated, in K.S.A. 21-4606, certain minimum factors to be considered in imposing sentence. Although the statute may not require it, we feel that when the sentence exceeds the minimum, it is better practice for the trial court to make, as part of the record, a detailed statement of the facts and factors considered by the court in imposing sentence. Such a record would be of great assistance to the appellate courts in determining whether the trial court has abused its discretion. 'Absent a statement of reasons, the record will not reveal whether the legislatively mandated factors have been considered.' *Commonwealth v. Riggins*, [474 Pa. 115, 377 A.2d 140 (1977)]."

A trial court's failure to make a detailed statement of the factors considered by the court in imposing sentence does not necessarily, in and of itself, demonstrate an abuse of discretion; each case must be separately considered on its facts. In the more recent case of *State v. Richard*, 235 Kan. 355, 366, 681 P.2d 612 (1984), we said:

"Although the trial court did not expressly consider the factors set forth in 21-4606 in sentencing the appellant, we do not believe the trial court abused its discretion in imposing a sentence in excess of the minimum allowed under

K.S.A. 21-4501(c) on the aggravated battery charge. The evidence indicates the appellant twice made attempts upon the life of Darlene Bruner, the second of which was successful. No mitigating factors appear in the record for fixing a minimum sentence, such as grounds for excusing or justifying the appellant's criminal conduct or conduct by the victim which induced or facilitated the defendant's criminal conduct. The two sentences were ordered to run concurrently. Where indeterminate sentences are imposed on the same date and run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum term."

The trial court in the case now before us heard extensive arguments by trial counsel. The report of Dr. Howard Brodsky, chief psychologist at the Sedgwick County Department of Mental Health, the report of the court services officer, and later the report of the Kansas State Reception and Diagnostic Center, were all before the court, and the contents and recommendations of each were pointed out to the judge in oral argument. These reports and recommendations were, of course, only advisory; the judge was not obliged to follow those recommendations. In the final analysis, it is the judge and the judge alone who determines the appropriate sentence or other disposition in each case. Our statutes do not provide for the fixing of sentences by a board of experts. Instead, the trial judge must fix the sentence to be served in the exercise of his or her best judgment, common sense, and judicial discretion, and considering all of the reports, the defendant's background, the facts of the case, and the public safety. The sentencing judge here did not follow all of the recommendations contained in the various reports, nor was he obliged to do so.

Many of the factors enumerated in K.S.A. 21-4606 obviously have little application in this case. What compensation would be necessary to compensate the child victims for the harm caused by this defendant's criminal conduct? The five- and eight-year-old victims could hardly be found to have induced or facilitated defendant's criminal acts. What substantial grounds could excuse or justify the acts of this defendant in molesting these children? What was the degree of defendant's provocation? Dr. Brodsky emphasized family stress as a cause, but this could not constitute provocation to perform acts such as those committed by the defendant against these little children. The extent of the harm caused these children cannot be measured with any degree of certainty at this time. Defendant's intention is obvious from the acts committed. The only listed factor remaining is the extent of

defendant's history of prior criminal activity, and that was spelled out in the reports and argument. We cannot find from the record that there were important factors, whether enumerated in K.S.A. 21-4606 or not, which the trial judge failed to know and consider before sentencing this defendant.

The offenses involve two little girls, defendant's daughter and a playmate. Defendant's acts were atrocious. The defendant, a 28-year-old, 230-pound adult male, sodomized and otherwise molested two little girls, ages five and eight. In imposing sentence, the judge must consider, among others, two general objectives: protection of the public and reducing the likelihood of recurrence, or deterrence. See American Bar Association Standards Relating to Sentencing Alternatives and Procedures (1968), commentary to Standard 2.2, page 62; and Guides for Sentencing, published by the National Council on Crime and Delinquency (2d ed. 1974), pages 1, 3. The trial court could have placed the defendant on immediate probation, but that would have had but a minimal deterrent or preventive effect, and would not have protected the public or, more specifically, the little children in the community. The judge could have imposed miniumum concurrent sentences, or he could have imposed maximum consecutive sentences. Instead, the judge chose a middle course, a bit longer sentence than the minimum possible under the statute, but half of the maximum. The sentences imposed are concurrent, and thus the controlling sentence is that imposed for aggravated criminal sodomy. It would have been most helpful to this court had the trial judge stated the factors he considered important in imposing sentence, as suggested in *Buckner.* Nevertheless, under the factual background and the circumstances of this case, we hold that the judge did not abuse his discretion and the sentences imposed are not excessive.

The judgment is affirmed.

SCHROEDER, C.J., dissenting: The bench and bar are entitled to better guidance from the Supreme Court than its opinion herein discloses. Two simple unambiguous statutes are applicable and they should not be given a tortured construction. K.S.A. 22-3602(a) and K.S.A. 60-1507. My views on these statutes are set forth in detail in *State v. Green*, 233 Kan. 1007, 1012, 666 P.2d 716 (1983) (Schroeder, C.J., dissenting).

It is respectfully submitted the legislature granted no jurisdiction for the court to entertain this appeal.