No. 59,106

STATE OF KANSAS, *Appellee*, v. BILLY C. BENNETT, *Appellant*.

(731 P.2d 284)

Opinion filed January 16, 1987.

*Benjamin C. Wood*, chief appellate defender, argued the cause and was on the brief for the appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, *Clark V. Owens*, district attorney, and *Kimberley A. Tyson*, legal intern, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a direct appeal from the concurrent sentences imposed against the defendant of five to twenty years for aggravated criminal sodomy (K.S.A. 1985 Supp. 21-3506) and three to ten years for aggravated burglary (K.S.A. 21-3716). The defendant pled guilty to the charges.

After sentencing the defendant on the basis of arguments made by counsel and the content of the presentence investigation report, the trial court indicated it would consider a report from the Kansas State Reception and Diagnostic Center (KSRDC) for

purposes of modification of the sentence. The defendant's attorney had strongly argued for probation or a suspended sentence. At the time of sentencing, the district court stated only that a "very violent crime" was involved. It did not state on the record the factors it considered in arriving at the defendant's particular sentence. The defendant moved for a modification of sentence and, at a hearing held on that motion, the district court had before it the report from the KSRDC. The report stated that the defendant hoped that if he were placed in the penal system he could be trained for the construction trade in order to get a better job when he was released from incarceration. The report recommended training for the defendant, stating he was capable of becoming a carpenter's helper. In its journal entry denying the defendant's motion for modification of sentence, the district court stated it "strongly recommends that the Secretary of Corrections provide job training for the defendant during his incarceration, and particularly receive consideration for such training at the Kansas Correction and Vocational Training Center." The journal entry does not state the particular factors considered by the district court in denying the defendant's motion for modification of sentence.

The defendant asserts two issues on appeal. The first is that "the trial court failed to sentence Mr. Bennett in a manner that would have a reasonable chance of achieving the goal of vocational rehabilitation that it felt was most important in Mr. Bennett's case." The second is that the trial court abused its discretion by failing to state on the record its consideration of the sentencing criteria set forth in K.S.A. 21-4606.

The State argues this court has no jurisdiction to hear this appeal pursuant to *State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* _____ U.S. _____ (1986), because the defendant fails to allege that the sentence is the result of partiality, prejudice, or corrupt motive.

*State v. Haines*, 238 Kan. 478, was overruled in part by *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), which was decided after the parties' briefs were submitted. In *Harrold*, a majority of this court held that, pursuant to K.S.A. 22-3602(a), a direct appeal may be taken from a sentence imposed when the defendant pleads guilty or nolo contendere. This court further held that it is not necessary to allege the sentence is the result of partiality,

prejudice, or corrupt motive in order to present a justiciable issue. 239 Kan. at 649. Therefore, this court does have jurisdiction to hear the defendant's challenges to the sentence imposed.

Turning to the defendant's argument that the trial court failed to sentence him in a manner which would further vocational rehabilitation, it appears the defendant is complaining he was not placed by the Secretary of Corrections in a work release program or in an institution where he could receive vocational training.

We note the relevant statutory scheme. In sentencing the defendant to the custody of the Secretary of Corrections, the sentencing court can make a recommendation regarding rehabilitation in its journal entry. K.S.A. 21-4620(b)(3). Upon receipt of the report of the Kansas State Reception and Diagnostic Center, the Secretary of Corrections selects one of the state correctional institutions for the defendant's confinement based upon the examinations and studies made of the defendant. K.S.A. 75-5262. Thereafter, the Secretary of Corrections may transfer an inmate serving a sentence of imprisonment from one institution to another. K.S.A. 21-4609.

It is the sentencing court that determines the length of the defendant's incarceration. While that court can make recommendations regarding rehabilitation, the sentencing court cannot determine where the defendant will serve his time. That decision is statutorily to be decided by the Secretary of Corrections in the exercise of his discretion. Therefore, the defendant's complaint lies not with the sentencing court but with the Secretary of Corrections. The issue of whether the Secretary of Corrections has abused the exercise of his discretion is not a justiciable issue on this direct appeal from the sentence imposed. The court has no jurisdiction to consider it on this appeal.

Next, the defendant argues the trial court abused its discretion by failing to state on the record the factors it considered when imposing sentences and when considering the defendant's motion to modify the sentences.

The defendant was sentenced to five to twenty years on the aggravated criminal sodomy charge, which is the statutory minimum set by law. K.S.A. 1985 Supp. 21-4501(b). The defendant was sentenced to three to ten years on the aggravated burglary charge, which is the statutory minimum sentence. K.S.A. 1985

Supp. 21-4501(c). The journal entry was silent regarding the concurrent or consecutive nature of the two sentences and, pursuant to statute, the sentences are to be served concurrently. K.S.A. 1985 Supp. 21-4608(1).

K.S.A. 21-4606 sets forth seven factors which, while not controlling, are to be considered by a sentencing court in fixing the minimum term of imprisonment. In *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977), this court stated that when the sentence exceeds the statutory minimum, it is the better practice for the sentencing court to place on the record a detailed statement of the facts and factors it considered. 223 Kan. at 151. However, the failure to place on the record such a detailed statement does not necessarily indicate the sentencing court abused its discretion, and each case is to be considered separately on its facts. *State v. Harrold*, 239 Kan. at 650; *State v. Richard*, 235 Kan. 355, 366, 681 P.2d 612 (1984). Here, the sentences imposed did not exceed the statutory minimum.

The presentence investigation report which was provided to the court included copies of police reports, the defendant's prior juvenile record, his family background, the defendant's version of the crimes, and the victim's version. In his version, the defendant stated he was sleeping at the victim's house in her living room on the night of the incident. He and the victim, with whom he had lived, had decided to separate. He went into her bedroom and asked her to make love with him for the last time; she didn't say anything, so he made love to her. As he was leaving the room, he saw that the victim was bent over like she was hurt. In her version, the victim said that when the defendant came into her bedroom she got up, but he pulled her back onto the bed and started taking off her clothes, ripping some of them. He bit her private parts, causing bleeding and swelling, and forced her to have sexual intercourse. The presentence investigation report indicated the defendant had never paid for a marriage license, but considers himself the father of six children by three common-law wives.

The report of the State Reception and Diagnostic Center, provided to the court at the hearing on the defendant's motion to modify the sentence, indicates the defendant thought the victim was a willing participant and described the events "with a smile on his face."

All of the above facts provided to the sentencing court address the factors set forth in K.S.A. 21-4606. Having these facts before it, we cannot say the sentencing court abused its discretion when it failed to state on the record the factors it considered in arriving at the defendant's sentences.

The judgment of the lower court is affirmed.

ALLEGRUCCI, J., not participating.

Approved by the court prior to the retirement of Schroeder, C.J.