No. 50,336

STATE OF KANSAS, *Appellee*, v. DENNIS RIOS, *Appellant*.

(592 P.2d 467)

Opinion filed March 31, 1979.

*Linda S. Trigg*, of Thomas R. Oglevie, Chartered, of Goodland, argued the cause, and *Thomas R. Oglevie*, of the same firm, was with her on the brief for the appellant.

*Perry Warren*, county attorney, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

*Per Curiam:* Dennis Rios, upon his plea of guilty, was convicted of aggravated robbery (K.S.A. 21-3427). He was sentenced to a term of five years to life in accordance with K.S.A. 21-4501(*b*) and K.S.A. 1978 Supp. 21-4618 (mandatory minimum sentencing for certain crimes committed with a firearm). On June 2, 1978, defendant filed a timely motion for modification of his sentence pursuant to K.S.A. 1978 Supp. 21-4603(2), which was denied on the basis of lack of jurisdiction. From this order defendant appeals.

Defendant argues that K.S.A. 1978 Supp. 21-4618 has been complied with since he was originally sentenced in accordance therewith. He contends the court had jurisdiction under K.S.A. 1978 Supp. 21-4603 to grant probation or a suspended sentence upon his timely motion for modification. He relies on *Esters v. State*, 1 Kan. App. 2d 503, 571 P.2d 32 (1977), which held that when K.S.A. 1976 Supp. 21-4618 (now 1978 Supp.) applies the defendant cannot be granted probation or a suspended sentence, but the opinion also contained the following comment:

"It should be noted that 21-4618 does not require that appellant actually serve the minimum sentence—only that he be so sentenced. We see nothing in 21-4618 which would prevent a parole should the prison authorities feel such relief to be appropriate at some point in the future." (p. 506.)

In making this comment, the Court of Appeals was apparently unaware of K.S.A. 1977 Supp. 22-3717(8), which was in effect at the time of the *Esters* case and the modification motion before us, but is now replaced by K.S.A. 1978 Supp. 22-3717(2)(D). The statute provided:

"(8) Notwithstanding any other provision of this section, any person sentenced pursuant to K.S.A. 1976 Supp. 21-4618 shall not be eligible for parole therefrom prior to serving the entire minimum sentence imposed . . . ."

In any event, both the *Esters* comment and K.S.A. 1977 Supp. 22-3717(8) relate to parole by prison authorities—not to any change in the sentence by the trial judge. K.S.A. 21-4602(4) defines "parole," and the term, in felony convictions, is limited to release of a prisoner by the Kansas adult authority prior to the expiration of his term.

In *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559 (1978), we specifically held that K.S.A. 1978 Supp. 21-4618 precluded probation or suspension of sentence. If defendant's position were correct, the trial court could, on motion for sentence modification, grant a disposition of the case that would have been an unlawful disposition at the time of the original sentencing. Such an interpretation would defeat the clear legislative intent of the mandatory sentencing statute.

In the case before us defendant's sentence was the minimum allowable for the crime for which he was convicted. Had defendant's sentence been greater than the minimum sentence, the trial court would have had jurisdiction to modify the sentence to no less than the minimum sentence. Since defendant had already received the minimum sentence prescribed by law, the trial court had no jurisdiction to modify his sentence.

The judgment is affirmed.

HERD, J., not participating.