STATE OF KANSAS, *Appellee*, v. TODD COLEY, *Appellant.*

No. 56,902

STATE OF KANSAS, *Appellee*, v. ROBERT CADDEN, *Appellant.*
(694 P.2d 479)

Opinion filed January 26, 1985.

*Ralph J. De Zago*, of Junction City, argued the cause and was on the brief for appellants.

*Lloyd Graham*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Steven L. Opat*, county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by:

LOCKETT, J.: Todd Coley and Robert Cadden were convicted of separate offenses involving the use of firearms in Geary County District Court. At the time of sentencing for each defendant, the judge denied probation or parole finding he did not have jurisdiction to modify the sentence under K.S.A. 21-4618. Each defendant appealed. Since the issue presented in each case is identical, the appeals were consolidated.

Coley was found guilty of unlawful use of weapons, making a

terroristic threat, aggravated kidnapping, and rape, at a jury trial in Geary County District Court on March 31, 1983. Coley was sentenced to life imprisonment for aggravated kidnapping, five to 20 years for rape, one to two years for a terroristic threat, and six months in the county jail for unlawful use of a weapon, with each sentence to run concurrently. Coley appealed to the Supreme Court and, in an unpublished opinion, No. 55,634, filed February 18, 1984, this court affirmed the district court. Coley then filed motions for probation and for modification of the sentence. The sentencing judge ruled he had no jurisdiction to modify the sentence imposed or to grant probation because a firearm was used in commission of the crimes. Coley appealed.

Cadden was charged with attempted second-degree murder, aggravated battery and aggravated assault in Geary County District Court on May 24, 1983, in connection with the shooting of Patrick J. McKeehan. On September 28, 1983, Cadden pleaded guilty to the aggravated battery charge, and the remaining counts were dismissed. Cadden was sentenced to three-to-ten years on the aggravated battery charge. Cadden moved for probation and modification of sentence. The sentencing judge declined to hear the motions finding that since a firearm had been used in the commission of the offense he had no jurisdiction to modify the sentence.

Appellants argue that because the 1982 legislature amended K.S.A. 22-3717, K.S.A. 21-4618 should now be interpreted differently by this court. K.S.A. 1983 Supp. 22-3717(a) allows reduction of the mandatory sentence requirement of K.S.A. 21-4618 by the Secretary of Corrections. Appellants allege K.S.A. 21-4618 now binds the judge only at the original sentencing and does not preclude modification of the sentence by the judge within the 120-day period provided by K.S.A. 21-4603. The State argues that the intent of K.S.A. 21-4618 has not been changed by legislative amendment.

K.S.A. 21-4618 provides as follows:

"(1) Probation or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall apply only to crimes committed after the effective date of this act. This section shall not apply

to any crime committed by a person under eighteen (18) years of age.

"(2) When a court has sentenced a defendant as provided above, the court shall state in the sentencing order of the judgment form or journal entry, whichever is delivered with the defendant to the correctional institution, that the defendant has been sentenced pursuant to this section 21-4618 based on a finding by the court that a firearm was so used."

The legislature in 1976 enacted K.S.A. 21-4618 because of public concern over the increased number of crimes involving the use of firearms. The imposition of a mandatory minimum sentence where a firearm is used in the commission of specified crimes was a legitimate legislative effort to deter the use of a firearm. Denying the privileges of probation and parole and requiring a mandatory minimum sentence for specified crimes in which the defendant used a firearm in the commission of the crime is constitutionally permissible, and does not deny equal protection of the law to the individual so convicted.

In *State v. Rios*, 225 Kan. 613, 592 P.2d 467 (1979), the defendant was convicted of aggravated robbery and sentenced to a term of five years to life in accordance with K.S.A. 21-4501(b) and K.S.A. 1978 Supp. 21-4618. Rios attempted to have his sentence modified arguing that 21-4618 had been complied with since he was originally sentenced in accordance with the statute; therefore, the court had jurisdiction to modify the sentence by granting probation or suspending imposition of the sentence.

This court, noting *State v. Stuart and Jones*, 223 Kan. 600, 575 P.2d 559 (1978), disagreed, and determined if Rios' position were correct, the trial court could, on motion for sentence modification, grant a disposition of the case that would have been an unlawful disposition at the time of the original sentencing. Such an interpretation would defeat the clear legislative intent of the mandatory sentencing statute.

If Rios' sentence had been greater than the minimum sentence, the trial court had jurisdiction under K.S.A. 21-4603 to modify the original sentence to no less than the minimum sentence required by law. Since Rios had already received the minimum sentence prescribed by law, the trial court had no jurisdiction to modify his sentence.

Appellants claim that since *Rios* there has been a substantial change in the intent of the legislature. The appellants argue the legislature's amendment of K.S.A. 22-3717 now changes the law which was in effect in *Rios*.

Prior to being amended in 1982, the statute required anyone sentenced under K.S.A. 21-4618 to serve the entire minimum sentence imposed. Under K.S.A. 22-3717, as amended, an inmate may now have his mandatory sentence reduced by good time credits. Pertinent portions of the 1982 amendments read:

"An inmate, including an inmate sentenced pursuant to K.S.A. 21-4618, shall be eligible for parole after serving the entire minimum sentence imposed by the court, less good time credits." L. 1982, ch. 150, sec. 2 (a).

"As used in this section, 'good time credits' means credits of one day for every three days served and one month for every year served, awarded on an earned basis pursuant to rules and regulations adopted by the secretary of corrections." L. 1982, ch. 150, sec. 2 (1).

K.S.A. 1983 Supp. 22-3717 now allows inmates under the custody of the Secretary of Corrections to have their minimum sentence reduced by good time credits. The statute applies only to the Kansas Adult Authority. Under the statute the authority to release inmates sentenced pursuant to K.S.A. 21-4618 on parole prior to serving the entire minimum sentence imposed by the court is vested in the sound discretion of the Kansas Adult Authority, not to judges. The clear legislative intent was to allow inmates sentenced pursuant to K.S.A. 21-4618 to earn good time credits as a reward for their conduct while imprisoned. It does not grant jurisdiction to the sentencing judge to modify the original sentence prescribed by K.S.A. 21-4618.

When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Randall v. Seemann,* 228 Kan. 395, 613 P.2d 1376 (1980). It is presumed that the legislature, in amending a statute, acted with full knowledge and information as to the subject matter of the statute, as to prior and existing legislation on the subject of the statute, and as to judicial decisions with respect to prior and existing law. See *Szoboszlay v. Glessner,* 233 Kan. 475, 664 P.2d 1327 (1983).

The power to prescribe a sentence to be imposed for a crime rests with the legislature. The power of the legislature with respect to punishment is controlled only by the Constitutions of the United States and the State of Kansas. K.S.A. 21-4618 applies to the courts and sentencing. K.S.A. 1983 Supp. 22-3717 applies to the Kansas Adult Authority and parole. There is no evidence from which to infer that the legislature intended the amendment

of 22-3717 to mean that it wanted to take a less strict approach toward sentencing where the crime involves the use of firearms. To allow a judge to modify a sentence mandated under K.S.A. 21-4618 or grant probation within 120 days as provided in K.S.A. 21-4603 would defeat the legislative purpose of 21-4618. K.S.A. 21-4618 is clear and unambiguous; the legislature intended that any defendant who is convicted of one of the specified crimes in which a firearm is used in the commission of that crime be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime.

The district court is affirmed in Nos. 56,891 and 56,902.