Meredith Williams, Executive Secretary Kansas Public Employees Retirement System Capitol Tower, Suite 200 400 Southwest 8th Avenue Topeka, Kansas 66603-3925
Dear Mr. Williams:
As executive secretary of the Kansas public employees retirement system (KPERS), you request our opinion regarding the applicability of the Kansas uniform transfers to minors act (KUTMA) as a means of paying benefits to minor beneficiaries. You inform us that your question stems from a designation by a KPERS member made out to: "Jane Doe [his sister], as custodian for my minor children Johnny and Jane Doe under the Kansas UTMA." Based upon this designation request, you specifically ask whether "the Kansas UTMA requires KPERS to accept a designation such as the one submitted by Mr. Doe, and eventually to make payment in the manner and form as described thereon, i.e., to his sister as custodian under the UTMA."
For purposes of the KPERS act, a beneficiary is defined as:
 "[a]ny natural person or persons or estate named to receive any benefits as provided for by this act. . . . Except as provided under subsection (33) . . . [a]ny benefits payable to a beneficiary or beneficiaries who are minor children . . . shall be made in the name of the beneficiary or beneficiaries and delivered to the lawfully appointed conservator of such beneficiaries who was nominated by will or otherwise provided by law. . . ." K.S.A. 1995 Supp. 74-4902(7)
A trust is defined as:
 "[a]n express trust, created by a trust instrument, including a will, designated by a member to receive payment of the insured death benefit under K.S.A. 74-4927 and amendments thereto and payment of the member's accumulated contributions under subsection (1) of K.S.A. 74-4916 and amendments thereto. A designation of a trust shall be filed with the board." K.S.A. 1995 Supp. 74-4902(33)
You indicate that KPERS interprets "these sections to say, among other things, that benefits payable to any beneficiary who is a minor must be paid to a conservator, except that subsection (33) allows payment to a trust, and (7) allows payment to an estate, either of which may eventually flow to the benefit of the minor." Based upon this interpretation, you indicate that KPERS does not recognize a designation that names someone "as custodian under the UTMA." Conversely, the KPERS member argues "that the Kansas UTMA requires an obligor, such as KPERS, to make a payment for the benefit of a minor child to a custodian for the child as provided under the UTMA if so ordered by the person with that power, such as, in this instance, a KPERS member." Thus, the question arises as to which provisions should prevail, and the determination thereof requires application of established rules of statutory construction.
The cardinal rule of statutory construction is that the purpose and intent of the legislature should govern when such can be ascertained from the statutes. See Kansas Pipeline Partnership v. State Corp. Com'n ofState of Kan., 22 Kan. App. 2d 410 (1996); City of Wichita v. 200 SouthBroadway, 253 Kan. 434, 436 (1993). Furthermore, it is well established that "[w]hen there is a . . . statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears the legislature intended to make the general act controlling." State v. Binkley, 20 Kan. App. 2d 999
(1995), quoting State v. Williams, 250 Kan. 730 (1992). A statute which relates to persons or things as a class is a "general law," while a statute which relates to particular persons or things of a class is a "specific law," for purposes of determining which statute is controlling. See, State v. Williams, 250 Kan. 730 (1992). See also,Carmichael v. State, 255 Kan. 10 (1994); Seltmann v. Board of CountyCommissioners, 212 Kan. 805 (1973).
Initially it should be observed that there appear to be differences, in terms of accountability, between a conservator and a custodian. A conservator is subject to the provisions of the Kansas probate code, K.S.A. 59-101 et seq. Pursuant to K.S.A. 59-3019, "[a] conservator shall be subject to the control and direction of the court at all times and in all things." "Every conservator shall annually present . . . a verified account." K.S.A. 59-3029(b), as amended by L. 1996, ch. 77, § 3. During such an accounting, a conservator "shall produce for examination . . . evidence of balances on deposit and investments reported. . . ." K.S.A.59-3031. Furthermore, every three years, a review of the conservatorship shall be conducted by the court to determine: whether the conservator is serving the needs of the conservatee; whether the conservator is serving the functions of his or her appointment, whether limitations should be placed on rights and duties of a conservator; whether the conservator should be replaced; and, whether the conservatorship should be terminated. K.S.A. 59-3035.
If a conservator takes money for the benefit of the minor and fails to use it for that purpose, the conservator will be held accountable as a fiduciary. K.S.A. 59-102. As such, conservators have a fiduciary duty to properly manage the accounts of conservatees. A fiduciary who neglects or unreasonably delays to raise money for the account shall be charged in his or her account with the damages sustained. K.S.A. 59-1703. In addition, if a conservator "embezzles or converts to his or her own use any of the personal property of a . . . conservatee, such person shall be liable for double the value of the property so embezzled or converted." K.S.A. 59-1704. A fiduciary's compensation may be reduced or forfeited if he or she fails to perform the duties imposed upon him or her by any lawful order of the court. K.S.A. 59-1711. All acts of a fiduciary, before termination of his or her authority, shall be valid to all intents and purposes as if such a fiduciary had continued lawfully to execute the duties of his or her trust. K.S.A. 59-1713. As such, a fiduciary cannot escape liability, even after he or she ceases to be a conservator. There is also an abundance of Kansas case law addressing the liability of conservators.
On the other hand, a custodian "[s]hall keep records of all transactions with respect to custodial property . . . and shall make them available for inspection at reasonable intervals by a parent or legal representative of the minor or by the minor if the minor has reached the age of 14 years." K.S.A. 38-1713(e). "A minor who has attained the age of 14 years, the minor's guardian of the person or legal representative, an adult member of the minor's family, a transferor, or a transferor's legal representative may petition the court . . . for an accounting by the custodian or the custodian's legal representative."
If a custodian takes money for the benefit of the minor and fails to use it for that purpose, it is not clear what the results would be in terms of liability or penalty. There is currently no reported Kansas case law on this subject, and the UTMA does not refer to other statutes. It appears that a conservator is held to a higher level of accountability than a custodian.
The UTMA is a comprehensive legislative scheme enacted to regulate the method in which property may be transferred to minors. See Buder v.Sartore, 774 P.2d 1383, 1387 (Colo. 1989). See also, Gulmen v. Gulmen,913 S.W.2d 852 (Mo.App.E.D. 1995) (the UTMA is essentially a procedural mechanism for making inter vivos gifts of property of money to minors.). The UTMA is generally applicable to any transfer made to a minor. In contrast, K.S.A. 1995 Supp. 74-4902(7) is specifically applicable to members of KPERS. Since the UTMA relates to persons of a class in general, and K.S.A. 1995 Supp. 74-4902(7) of the KPERS act relates to particular persons in a class, it is our opinion that K.S.A. 1995 Supp.74-4902(7) is the more specific of the two provisions and therefore controls.
Our conclusion is further supported by the fundamental rule of statutory construction that "the latest legislative expression controls."Szoboszlay v. Glessner, 233 Kan. 475 (1983). See also, Farmers StateBank Trust Co. of Hays v. City of Yates Center, 229 Kan. 330, 338
(1981). K.S.A. 1995 Supp. 74-4902(7) of the KPERS act was amended most recently by L. 1995, ch. 267, § 3, whereas the KUTMA has not been amended since it was adopted in 1985. As such, K.S.A. 1995 Supp.74-4902(7) represents the latest expression of legislative intent. Furthermore, "[i]t is presumed that the legislature, in amending a statute, acted with full knowledge and information as to the subject matter of the statute, as to prior and existing legislation on the subject of that statute, and as to judicial decisions with respect to prior and existing law." State v. Coley, 236 Kan. 673 (1985). The legislature has had several opportunities to amend K.S.A. 1995 Supp.74-4902(7) to include the provisions of the UTMA, providing for a custodian as a means of paying benefits to a beneficiary or beneficiaries who are minor children, and has chosen not to do so. The legislature's apparent choice is supported by concerns expressed by KPERS and by judicial decisions. You indicate the following:
 "[Our] main concern in child payment matters is that the adult be held accountable for how the funds, which are paid to the adult for the benefit of the child, are used. Adults who took money for a child, but did not use the money for the child, were percieved to be a problem. . . . Usually this occurred when the benefits were paid to a non-custodial parent in a broken marriage situation. As a result of this problem, the law was amended to require a conservatorship. K.S.A. 74-4902(7) as amended by L. 1977, ch. 272 § 1." Memorandum dated February 28, 1995.
In Mahone v. Mahone, 213 Kan. 346, 351-52 (1973), the court stated:
 "The purpose of the [KPERS] act is set forth in K.S.A. 74-4901. One of its purposes is to enable public employees to accumulate reserves for themselves and their dependents. Under 74-4902(7) a member's dependent child is specifically included as a beneficiary of the program. In view of these provisions it seems clear to us that [KPERS] is designed to protect the minor dependents of a member as well as the member himself.
 "This court as a matter of public policy has always vigorously protected the right of a dependent child to receive support from his father. The denial of relief to the minor children in cases such as this might well cast upon the public the burden of supporting a pensioner's children and relieve him and his property of that obligation." (Emphasis added).
We believe that the legislature, in order to protect the interests of a minor, could have rationally concluded that KPERS benefits should not be payable to a UTMA custodian, but rather should be paid to a conservator because the conservator is held to a stricter accounting for funds received.
In conclusion, a KPERS member may not make a valid designation of benefits to a custodian pursuant to the UTMA. A KPERS member may make a designation of benefits to a conservator, estate, or trust.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm