No. 65,111

STATE OF KANSAS, *Appellee*, v. ANGELA FISHER, *Appellant*.

(822 P.2d 602)

Opinion filed December 6, 1991.

*Rebecca E. Woodman*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Debra Byrd Wagner*, assistant district attorney, argued the cause, and *Alisa M. Arst*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Defendant Angela Fisher entered pleas of guilty to possession of marijuana (K.S.A. 1990 Supp. 65-4127b[a]) and possession of cocaine (K.S.A. 1990 Supp. 65-4127a). On the marijuana conviction, a class A misdemeanor, she received the maximum sentence of one year in the county jail. On the cocaine conviction, a class C felony, she received the minimum sentence, 3 to 10 years. The sentences are to run concurrently.

On appeal, defendant contends:

1. The district court abused its discretion in failing to consider the statutory factors set forth in K.S.A. 21-4606, and the sentencing policy set forth in K.S.A. 21-4601.

2. The sentence imposed on the cocaine conviction was the result of the district court's partiality, prejudice, and vindictiveness.

The Court of Appeals affirmed the judgment in an unpublished opinion filed April 5, 1991. The matter is before us on a petition for review.

The sentences imposed herein were within the statutory limits. When a sentence is within the statutory limits, it will not be disturbed on appeal unless it is shown that the trial court abused its discretion or that the sentence was the result of partiality, prejudice, oppression, or corrupt motive. *State v. Heywood*, 245 Kan. 615, 617-18, 783 P.2d 890 (1989).

K.S.A. 21-4601 sets forth general policy considerations relative to sentencing as follows:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

K.S.A. 21-4606 sets forth detailed court sentencing factors to be followed by the sentencing court when determining the term of imprisonment:

"(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

Here, defendant received the minimum sentence of imprisonment authorized for a class C felony. It should be noted that is not an offense to which the presumptive probation statute (K.S.A. 1990 Supp. 21-4606a) applies.

In sentencing the defendant, the district court stated:

"THE COURT: From the information furnished to the Court in the presentence investigation discloses that the defendant was convicted of theft in Erie, Pennsylvania, and received two years probation. It also discloses that in June, of '85, the defendant was convicted of theft in Caruthersville, Missouri, and she was given probation upon being extradited to Nebraska. On September the 10th, of '85, defendant was convicted of theft and received a one year sentence. In February the 10th, of '86, defendant was again convicted of theft and received one year. In May of this year—of '89, the battery, simple battery occurred here in Sedgwick County, defendant was given 30 days and fined $150.00. There's always victims in theft cases, people whose property is taken sustains a loss. Of course, this case is not a theft case.

"Possession of cocaine is a serious offense. Of course, the possession of marijuana is unlawful but it's a misdemeanor. The Court can find no extenuating circumstances in this case. In Case No. 89 CR 1466 the Court is—will sentence the defendant to a minimum term of three years and a maximum term of 10 years. And in Case No. 89 CR 1736 the Court will sentence the defendant to one year in the Sedgwick County jail. It's the further order of the Court that the defendant will be taken into custody by the sheriff of Sedgwick County and by him delivered to the custody of the Secretary of Corrections to serve these two sentences, which will run concurrently. The Court will retain jurisdiction over this case, request that the Secretary of Corrections send the defendant to the State Reception and Diagnostic Center and will review that report when it comes back."

When the sentence exceeds the statutory minimum, it is the better practice for the sentencing court to place on the record a detailed statement of the facts and factors it considered. *State v. Bennett*, 240 Kan. 575, 578, 731 P.2d 284 (1987). However, the failure to place on the record such a detailed statement does not necessarily indicate an abuse of discretion, and each case is to be considered separately on its facts. 240 Kan. at 578.

The above-quoted comments of the district court demonstrate no abuse of discretion or legal basis for disturbing the sentences imposed herein. The problem lies in what was said immediately thereafter, to-wit:

"MR. SYLVESTER [defense counsel]: Is that the final order of the Court?

"THE COURT: That's the final order of the Court today. The defendant will remain in the courtroom until such time as one of the officers come up and get her. *This Court does not grant parole on convictions of cocaine, first offense or any other.*" (Emphasis supplied.)

K.S.A. 21-4606 by its express language applies only to the determination of the length of imprisonment—not to whether imprisonment, as opposed to probation, should be granted. K.S.A. 21-4601, however, applies across the board to all dispositions and states "persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities." The criteria set forth in K.S.A. 21-4606 may be considered as being indicative of the matters intended to be considered under K.S.A. 21-4601.

The defendant argues that the district court's closing remark demonstrates it sentenced her to prison solely because possession of cocaine was the offense of which she was convicted, and no consideration was given to her individual situation. This, defendant contends, establishes partiality, prejudice, or corrupt motive and is contrary to statute.

The State counters that the district court's complained-of comment occurred after sentencing had been completed, was surplusage, and should not relate back to the court's comments made prior to the imposition of sentence. Further, the State argues that because the court used the term "parole" rather than "probation" it was referring to some future event in the case. One of the difficulties with this latter argument is that the district court has no power to grant parole to persons it has sentenced to the custody of the Secretary of Corrections. We must conclude the district court meant probation rather than the term used, parole.

The district court's comment can certainly be interpreted to mean the conviction of a cocaine offense means an automatic sentence of imprisonment regardless of any other factors present. Thus, the district court did not use discretion in denying the requested probation, as probation could never be considered as an option to imprisonment. This is contrary to the policy set forth in K.S.A. 21-4601.

As we held in *State v. Reeves*, 232 Kan. 143, Syl. ¶ 3, 652 P.2d 713 (1982):

"When it is shown that the trial court failed completely to follow the mandates of K.S.A. 21-4601 and K.S.A. 21-4606 in sentencing a defendant, the court has abused its discretion and the sentence imposed must be set aside and the case remanded for the purpose of resentencing in accordance with the proper statutory procedure."

We conclude the sentences imposed herein must be set aside and the case remanded for resentencing under a different judge.

The judgment of the Court of Appeals is reversed. The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.