No. 69,581

STATE OF KANSAS, *Appellant*, v. STANTON HOLT, *Appellee.*
(874 P.2d 1183)

Opinion filed May 27, 1994.

*Chris E. Biggs,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Benjamin C. Wood,* special appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, C.J.: This is an appeal by the State of Kansas, pursuant to K.S.A. 22-3602(b)(3), upon a question reserved by the prosecution after defendant was paroled by the district court of Geary County. The question reserved as set forth in the docketing statement asks: "Did the trial court error *[sic]* in finding that victims have no right to notice or to be present at a *sua sponte* hearing concerning granting a defendant probation?"

The facts are undisputed. On February 17, 1993, Stanton Holt, the defendant, entered a plea of no contest to one count of theft, a class A misdemeanor, contrary to K.S.A. 21-3701(d), for possession of a watch stolen during a residential burglary. In addition to the plea, the defendant agreed to make full restitution to the burglary victims for additional stolen property which had not been recovered. In exchange for the defendant's plea and agreement

to make restitution, the State dropped the remaining felony charges filed against the defendant. The court accepted the plea agreement, ordered a presentence report, and set sentencing for March 9, 1993.

During the defendant's sentencing hearing on March 9, 1993, the defendant's counsel argued for probation, while the State recommended a maximum sentence. Additionally, the judge allowed the crime victim, Mrs. Sylvia Ehlers, to make a statement to the court. Following these statements, the court sentenced the defendant to one year in the Geary County Detention Center, with credit for time already served. Additionally, the court assessed the defendant with both court costs and full restitution. The court also noted that it would consider the defendant's probation request at a later date.

On March 25, 1993, the district court, *sua sponte,* called a hearing to consider the defendant's earlier request for probation. At the hearing, the court stated it had intended to release the defendant after 90 days had been served, but at the time of sentencing the defendant had served only 80 days in the county jail. The judge stated that as the defendant had been incarcerated more than 90 days, he was now prepared to release the defendant under certain conditions.

The State objected to the court's proceeding, stating that the victims had not been notified of the hearing. The State maintained that the Bill of Rights for Victims of Crime Act, K.S.A. 74-7333; K.S.A. 74-7335; and Art. 15, § 15 of the Kansas Constitution afforded the victims the right to be informed of and to be present at the hearing. The court disagreed, stating that the court was not required to hold any public hearing regarding whether to grant the defendant probation and that it called a hearing only after the State objected to the court's decision to place the defendant on probation. The court further stated that because there was no right to a public hearing, notification of the victims was not required.

The court placed the defendant on probation for a period of 18 months under specified conditions. Pursuant to K.S.A. 22-3602(b)(3), the State timely filed a notice of appeal.

K.S.A. 74-7333 the Bill of Rights for Victims of Crime Act, was first enacted in 1989. The two relevant statutes in effect at the time of the proceedings herein read as follows:

"**74-7333.** . . . (a) In order to ensure the fair and compassionate treatment of victims of crime and to increase the effectiveness of the criminal justice system by affording victims of crime certain basic rights and considerations, victims of crime shall have the following rights:

(1) Victims should be treated with courtesy, compassion and with respect for their dignity and privacy and should suffer the minimum of necessary inconvenience from their involvement with the criminal justice system.

(2) Victims should receive, through formal and informal procedures, prompt and fair redress for the harm which they have suffered.

(3) Information regarding the availability of criminal restitution, recovery of damages in a civil cause of action, the crime victims compensation fund and other remedies and the mechanisms to obtain such remedies should be made available to victims.

(4) Information should be made available to victims about their participation in criminal proceedings and the scheduling, progress and ultimate disposition of the proceedings.

(5) The views and concerns of victims should be ascertained and the appropriate assistance provided throughout the criminal process.

(6) When the personal interests of victims are affected, the views or concerns of the victim should, when appropriate and consistent with criminal law and procedure, be brought to the attention of the court.

(7) Measures may be taken when necessary to provide for the safety of victims and their families and to protect them from intimidation and retaliation.

(8) Enhanced training should be made available to sensitize criminal justice personnel to the needs and concerns of victims and guidelines should be developed for this purpose.

(9) Victims should be informed of the availability of health and social services and other relevant assistance that they might continue to receive the necessary medical, psychological and social assistance through existing programs and services.

(10) Victims should report the crime and cooperate with law enforcement authorities.

"(b) As used in this act, 'victim' means any person who suffers direct or threatened physical, emotional or financial harm as the result of the commission or attempted commission of a crime against such person.

"(c) Nothing in this act shall be construed as creating a cause of action on behalf of any person against the state, a county, a municipality or any of their agencies, instrumentalities or employees responsible for the enforcement of rights as provided in this act.

"(d) This section shall be known and may be cited as the bill of rights for victims of crime act."

"**74-7335.** . . . (a) The victim of a crime or the victims' family shall be notified of the right to be present at any public hearing where the accused or the convicted person has the right to appear and be heard.

"(b) As used in this section: (1) 'Public hearing' means any court proceeding or administrative hearing which is required to be open to the public and shall include but not be limited to the:

   (A)  Preliminary hearing;

   (B)  trial;

   (C)  sentencing;

   (D)  sentencing modifications;

   (E)  public comment sessions, pursuant to K.S.A. 22-3717, and amendments thereto; and

   (F)  expungement hearing.

"(2) 'Victims' family' means a spouse, surviving spouse, children or parents.

"(c) Notification shall be made to any victim of the crime who is alive and whose address is known to the county or district attorney or, if the victim is deceased, to the victim's family if the family's address is known to the county or district attorney.

"(d) Costs of transportation for the victim to appear shall be borne by the victim unless the appearance is required pursuant to a subpoena or other order of the court."

Both of the statutes quoted above were amended effective July 1, 1993; however, the amendments are not applicable to the issue now before the court. When used in this opinion, K.S.A. 74-7333 and 74-7335 will refer to the statutes in effect at the time of the events involved in this appeal.

On November 3, 1992, the voters of the State of Kansas adopted Art. 15, § 15 of the Kansas Constitution, which reads:

"(a) Victims of crime, as defined by law, shall be entitled to certain basic rights, including the right to be informed of and to be present at public hearings, as defined by law, of the criminal justice process, and to be heard at sentencing or at any other time deemed appropriate by the court, to the extent that these rights do not interfere with the constitutional or statutory rights of the accused.

"(b) Nothing in this section shall be construed as creating a cause of action for money damages against the state, a county, a municipality, or any of the agencies, instrumentalities, or employees thereof. The legislature may provide for other remedies to ensure adequate enforcement of this section.

"(c) Nothing in this section shall be construed to authorize a court to set aside or to void a finding of guilty or not guilty or an acceptance of a plea of guilty

or to set aside any sentence imposed or any other final disposition in any criminal case."

Although Art. 15, § 15 was adopted by the voters in 1992, it appears that the constitutional provision does not provide any greater rights than those already granted by statute.

The sole issue before this court is whether the victim of a crime is entitled to notice under K.S.A. 74-7335 and Art. 15, § 15 when the district court grants a misdemeanor defendant a parole from a partially served jail sentence.

Throughout this entire proceeding, counsel for the parties and the trial court consistently refer to "probation," when the correct terminology is parole. The respective terms "probation" and "parole" are properly defined in K.S.A. 1992 Supp. 21-4602(c) and (d) as follows:

"(c) 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections. In felony cases, the court may include confinement in a county jail not to exceed 30 days, which need not be served consecutively, as a condition of probation pursuant to subsection (b)(3) of K.S.A. 21-4603 and amendments thereto.

"(d) 'Parole' means the release of a prisoner to the community by the Kansas parole board prior to the expiration of such prisoner's term, subject to conditions imposed by the board and to the secretary of corrections' supervision. *Parole also means the release by a court of competent jurisdiction of a person confined in the county jail or other local place of detention after conviction and prior to expiration of such person's term, subject to conditions imposed by the court and its supervision.* Where a court or other authority has filed a warrant against the prisoner, the Kansas parole board or paroling court may release the prisoner on parole to answer the warrant of such court or authority." (Emphasis added.)

In the factual recitations set forth herein, we have used the term "probation" to be consistent with the record on appeal and the proceedings in the trial court, although the appropriate term is "parole."

Although K.S.A. 74-7333(a) states that "victims of crime shall have the following rights," there is nothing in the statute that actually creates any mandatory rights for crime victims, and the provisions are merely directive or permissive. We also note there

are no provisions for enforcement of the suggested rights and no sanctions imposed if they are not followed. K.S.A. 74-7335(a) provides: "The victim of a crime or the victim's family shall be notified of the right to be present at any public hearing *where the accused or the convicted person has the right to appear and be heard.*" (Emphasis added.) Subsection (b) of the statute defines "public hearing" to include the preliminary hearing, trial, sentencing, sentencing modification, public comment sessions pursuant to K.S.A. 1992 Supp. 22-3717, and expungement hearing.

Instead of focusing on K.S.A. 74-7335(a), the relevant language of the victim's notification statute, and the question actually before the court, the State relies upon case law addressing the issue of sentence modification for convicted felons pursuant to K.S.A. 1992 Supp. 21-4603. In doing so, the State apparently equates parole of a misdemeanant, as defined in K.S.A. 1992 Supp. 21-4602(d), with sentence modification in an attempt to bring its arguments within the definition of a public hearing as stated in K.S.A. 74-7335(b). In *State v. Pierce,* 246 Kan. 183, 787 P.2d 1189 (1990), the defendant contended his rights to counsel and to a hearing on his motion to modify his sentence had been violated when the trial court ruled upon the motion without a hearing. This court stated:

"K.S.A. 21-4603 is the statute which delineates the various alternatives the district court may utilize in disposing of criminal proceedings after a defendant has been found guilty of a crime. Subject to certain specified time restraints, subsection (3) authorizes the court to modify a previously imposed sentence. Action by a court under this subsection may be taken *sua sponte* or may be based upon a motion by the defendant requesting a modification. The statute does not specify any procedure and does not mandate that a hearing be held or that counsel be appointed to represent a defendant on a motion to modify sentence." 246 Kan. at 185-86.

The court went on to state that "whether a defendant is entitled to a hearing on a K.S.A. 21-4603(3) motion [to modify sentence] is discretionary with the trial court based upon the record before the court at the time." 246 Kan. at 187.

In a letter submitted by the State after oral argument, and ostensibly in answer to questions posed by members of this court, the State dwells at length upon, and cites numerous authorities

pertaining to, the question of whether granting probation to a felon is a sentence modification under K.S.A. 74-7335(b)(1)(D) and Art. 15, § 15 of the Kansas Constitution. None of the authorities cited and relied upon pertain to the narrow issue before us of whether a public hearing, with the right of a defendant to appear and be heard, is required when a trial judge determines, *sua sponte*, to grant a convicted misdemeanant a parole. Regardless of what may be the interpretation of Art. 15, § 15 and the current crime victims bill of rights statutes as they pertain to probation of felons, we do not find the State's argument or authorities persuasive on the issue here.

In the present case, the trial court, in a somewhat heated exchange with the county attorney, stated:

"Counsel, I have already informed you that this was not going to be a public hearing, that it was in the discretion of the Court to determine when sentences are served and, since I had already sentenced him to jail on a misdemeanor, I can order him released without any hearing.

. . . .

"The Court does not even need to have a hearing in this particular case. The Court could merely order the sheriff to terminate the period of incarceration and place him on probation. *So far as a public hearing being required, it is not, and for that reason it is not necessary that I even give notice to you or anyone else.* So please make that clear in the record." (Emphasis added.)

The county attorney responded in relevant part:

"My only objection—*I'm not in a position to criticize the actions of the Court reference what's obviously the Court's discretion. My only concern was I thought it would be appropriate that if the matter is going to be taken up that the victims have an opportunity to be here.*" (Emphasis added.)

We agree that the trial court was legally correct. We also agree with the State's observation that the issue was "obviously [within] the Court's discretion." There is nothing in our constitutional, statutory, or case law which requires a public hearing or holds that "the accused or the convicted person has the right to appear and be heard" at the granting of a parole to a misdemeanant. The granting of a parole to a misdemeanor defendant who has served a portion of the jail sentence imposed is purely discretionary with the trial court as is the holding of any hearing in connection therewith. No abuse of discretion has been shown. The State's appeal is without merit.

We do recognize, however, that a trial court, in exercising its discretion in paroling a misdemeanant, would be well advised to keep in mind the spirit of the Bill of Rights for Victims of Crime Act and Art. 15, § 15 of the Kansas Constitution. While requiring public hearings and notice to crime victims in all cases involving parole of a misdemeanant would be counterproductive, the right of the public in general, and victims in particular, to open access to the courts is to be encouraged. We recommend that trial judges carefully consider holding a public hearing and notifying crime victims in cases where the court deems it advisable and when it can be accomplished without undue burden on the judicial system.

The appeal is denied.