(894 P.2d 235)
No. 71,627

STATE OF KANSAS, *Appellee*, v. JASPER JODY GAMBREL, *Appellant*.

Opinion filed April 21, 1995.

*Wendy L. Rhyne Slayton*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ty Kaufman*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., GERNON, J., and MICHAEL J. MALONE, District Judge, assigned.

GERNON, J.: In this appeal of his conviction of one count of sale of marijuana, Jasper Jody Gambrel claims the trial court erred by failing to give a cautionary instruction.

We affirm.

Robyn Roberts worked as a confidential informant and was sworn as a deputy with the McPherson County Sheriff's Department. She was paid $2,000 per month and reimbursed for college expenses at McPherson College. She had previous experience in law enforcement.

Roberts met Gambrel at a bar and, after discussing marijuana, went with him to Roberts' apartment where Roberts, relying on her law enforcement training and experience, simulated smoking marijuana. Roberts asked Gambrel about getting some marijuana and followed up with four phone calls.

Gambrel told Roberts on the telephone that he had found some marijuana and that the price would be $45 for a quarter ounce. Roberts agreed to meet Gambrel in a bar but first was fitted with a wire transmitter. The sale took place, and Gambrel was arrested.

Gambrel admitted he sold the marijuana but said he did so only to "get [Roberts] off his back" so that she would quit calling.

Gambrel was tried twice. The first trial ended in a hung jury. He relied on an entrapment defense in the second trial and was convicted.

Gambrel requested that the trial court give the following instruction, PIK Crim. 3d 52.18-A: "You should consider with caution the testimony of an informant who, in exchange for benefits from the State, acts as an agent for the State in obtaining evidence against a defendant, if that testimony is not supported by other evidence."

The trial court refused to give the instruction, stating as follows:

"The bottom line is I don't believe that particular instruction applies to a deputized police or Sheriff's officer in this case. And I, it's uncontested that she is, even though you've tried to make tadoo [sic] out of the fact she doesn't have benefits and nothing was withheld. That doesn't control whether she was a deputized Sheriff's deputy and it's clear from the evidence, and in fact it's unrebutted she was that. This is meant for the type of informant where someone is plea bargaining or something along those lines. I'm not going to give the instruction. You can take that up on appeal."

In a criminal action, the trial court must instruct the jury on the law applicable to the defendant's theories for which there is supporting evidence. When considering the refusal of a trial court to give a specific instruction, the evidence must be viewed by the appellate court in the light most favorable to the party requesting the instruction. *State v. Scott*, 250 Kan. 350, 357, 827 P.2d 733 (1992).

Gambrel cites *State v. Novotny*, 252 Kan. 753, 851 P.2d 365 (1993), and *State v. Fuller*, 15 Kan. App. 2d 34, 802 P.2d 599 (1990), *rev. denied* 248 Kan. 997 (1991), to support his contention that it is error not to give a cautionary instruction on the testimony of a paid informant or agent.

Gambrel's reliance on *Novotny* and *Fuller* is misplaced, in our view. In *Novotny*, the informant had prior contact with law en-

forcement officers and agreed to work as an undercover agent on a "bounty" basis, being paid an amount which was dependent on the quantity and type of drug purchased. The informant was not deputized.

In *Fuller*, the informant agreed to work for law enforcement officers after he was arrested for selling drugs. The quid pro quo was that his drug charges were dismissed after a few buys. He then was paid a bounty for each buy.

This precise question has not been ruled on in Kansas. The issue is whether a cautionary instruction is required when a confidential informant has been deputized, is working on a salary which is not dependent on the number or nature of drugs purchased, and has prior law enforcement training and experience. We conclude it is not required under these facts.

In *Bush v. United States*, 375 F.2d 602, 604 (D.C. Cir. 1967), the court stated:

"It would be anomalous indeed to single out police officers and include them in a category with the so-called police informant, sometimes less euphemistically described as a 'stool pigeon.' The law has recognized that some witnesses, the accomplice and informant, for example, should in some circumstances be the subject of a cautionary instruction when requested. But it would be a dismal reflection on society to say that when the guardians of its security are called to testify in court under oath, their testimony must be viewed with suspicion. This would be tantamount to saying that police officers are inherently untrustworthy. The cure for unreliable police officers is not to be found in such a shotgun approach."

In *State v. Mullins*, 95 Kan. 280, 302-03, 147 Pac. 828 (1915), our Supreme Court stated the following regarding the testimony of law enforcement officers:

"Detectives perform a valuable and necessary function in modern society. They are merely private citizens trained in the collection of evidence against criminals and in the study of the habits of criminals. Modern governments which are in earnest in seeing that their laws are enforced, that their coinage is preserved from counterfeiting, that their mails are free from molestation and robbery, make free use of detectives and secret service men. The profession of detectives may be regulated by law, but no sound reason can be suggested why their testimony should be singled out as deserving of less credence than the evidence of witnesses in general. Their credibility may be subjected to strict cross-examination, and counsel for the defense may comment freely upon their

testimony in argument; but even in this respect the same broad range of comment is accorded to counsel to discuss the credibility of all witnesses."

We must then answer the question as to whether it makes a difference that the informant here was not employed as a "regular" law enforcement officer.

The first response to such a question is that the inherent nature of a confidential informant's role in law enforcement operations is that the informant not be "regular" in the ordinary sense of the word. Perhaps a better view is to compare confidential informants only. Who is more "regular," a law-enforcement trained and experienced informant who is deputized and who is working on a salary or one who may be attempting to avoid being charged with a crime and/or works for pay based on the number and nature of drugs purchased? Who is more likely to provide credible evidence under the above scenarios? Who is more likely to engage in activities which might be viewed as entrapment? To ask the questions is to answer them.

Our view is that the paid informant instruction is designed for and ought to be given in situations in which the informant has something personally to gain or has a personal interest in making a buy or a contact.

Other states have taken the same view. In *State v. Gurule*, 194 Neb. 618, 234 N.W.2d 603 (1975), the defendant requested a cautionary instruction concerning the weight and credibility to be given to a paid informer. The court stated:

"The principal witness for the State in this case was the undercover agent Dillon. Dillon was employed by the State to investigate and gather evidence of drug violations. He was not a regular officer in the sense of a permanent employee, but he was paid a weekly salary while employed and was not employed to seek evidence against a particular person only.

". . . There was nothing to indicate that Dillon had any greater direct personal interest in supplying evidence against the defendant than any other public officer. We find no error in refusing the requested instruction." 194 Neb. at 622.

In *Turner v. State*, 515 P.2d 384, 386 (Alaska 1973), the court stated: "It does not appear that [the informant] had any greater direct personal interest in supplying evidence against the defendant than a police officer normally has in giving evidence in any case."

Similarly, in *United States v. Hoyos*, 573 F.2d 1111, 1116 (9th Cir. 1978), the Ninth Circuit held that a cautionary instruction was unnecessary, stating:

"Jimenez had been employed by the DEA as an undercover agent for two years at a set salary, although that arrangement had ended just prior to the trial. The Government's contention that Jimenez was a special undercover agent for the DEA is supported by the record. He was not a paid informant whose remuneration was tied to the sale of specific information, nor was he a participant in the crime with a promise of immunity."

Finally, a cautionary instruction regarding an informant is only required under Kansas law where the agent's testimony was largely uncorroborated. See *Novotny*, 252 Kan. at 760. Gambrel admitted the facts surrounding the sale, claiming only that he was entrapped by Roberts. Roberts' testimony was also corroborated by several tape recordings of conversations between her and Gambrel.

The trial court did not err in failing to give the cautionary instruction.

Gambrel next contends that in pronouncing sentence, the trial court improperly denied probation and sentenced him to more than the minimum sentence solely because this was a drug case. See *State v. Fisher*, 249 Kan. 649, 652, 822 P.2d 602 (1991) (trial court's comment that it did not grant parole on conviction of cocaine, " 'first offense or any other,' " was an abuse of discretion because the comment could be interpreted to mean the conviction of a cocaine offense meant an automatic sentence of imprisonment regardless of any other factors present).

"The standard of review for trial court sentencing is abuse of discretion. A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *State v. Fish*, 252 Kan. 985, 985-86, 850 P.2d 250 (1993).

K.S.A. 1994 Supp. 21-4606(a) directs the sentencing court to "fix the lowest minimum term which, in the opinion of such court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime." "K.S.A. [1994 Supp.] 21-4606[b] sets forth seven factors which, while not con-

trolling, are to be considered by the court in fixing the minimum term of imprisonment." *State v. McDonald*, 250 Kan. 73, 82, 824 P.2d 941 (1992).

In pronouncing sentence, the trial court stated as follows:

"Bottom line on this, Mr. Gambrel, is simply that you're dealing in drugs and when you're dealing in drugs you get caught, there is a cost to be paid. Dealing in drugs in the community is what leads to, 95 percent of the crimes that we have are somewhere drug related, and being a part of that makes you the forefront of those kinds of problems. That being the case, to grant probation would minimize the seriousness of that particular offense. Probation will be denied. He'll be remanded to the custody of the Secretary of Corrections to serve the sentence imposed. I'll reconsider your case, Mr. Gambrel, to be quite honest, once I receive a report from Reception and Diagnostic. That's not to say that I'll grant you probation at that time but at least I'll take another look at it based on what the report tells me. It's just that simple. Assuming, of course, your attorney files the appropriate motion. Enhanced minimum sentence as well as the denial of probation is based on the prior criminal record of the defendant, together with the seriousness of the offense. I have fully considered those factors contained in K.S.A. 21-4601 and 4606, 4606(a) and (b). Probation and or Community Corrections, there is no presumption on each because of the seriousness of this offense, that being a Class C felony, as opposed to being D or E, as well as by the fact that he has the prior convictions."

Gambrel fails to demonstrate an abuse of discretion in the trial court's denial of probation. The court clearly stated that it had considered the statutory sentencing factors set forth in K.S.A. 21-4601 and K.S.A. 1994 Supp. 21-4606 and was denying probation based upon the seriousness of the offense and Gambrel's prior record. Contrary to Gambrel's position, nothing about the court's comments suggests that the court would deny probation for all drug offenses.

Affirmed.