NOT DESIGNATED FOR PUBLICATION

No. 112,816

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMON LEIKER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed December 23, 2015. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, of Office of Kansas Attorney General, for appellee.


Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.


*Per Curiam*:  Damon Leiker appeals the district court's decision revoking his probation and ordering him to serve his prison sentence. Because we conclude the district court did not abuse its discretion in making that decision, we affirm.


FACTUAL AND PROCEDURAL BACKGROUND


On February 27, 2014, Leiker pled no contest to one count of felony possession of marijuana. As part of the plea agreement, the State agreed not to object to the district court imposing the standard sentence and both sides would recommend probation. At the

1

April 14, 2014, sentencing hearing, the district court granted Leiker's dispositional departure motion and sentenced him to 18 months of probation with an underlying 34-month prison sentence. Afterwards, the district judge stated:

> "[M]y policy is pretty simple. You've been granted something today the law says you are not entitled to, the privilege of probation.
>
> "Privileges can be granted but they can also be lost. You will lose this privilege if I find out you have any violations, Mr. Leiker. . . . You have no margin of error. Many times people that have presumptive probation can have one positive UA, or they can [not] make a curfew, or miss an appointment, and the court will grant them some latitude because they . . . were presumptive probation to begin with. There's a penalty associated with it, but the penalty isn't necessarily to go off to the penitentiary.
>
> "You don't have that luxury. . . . I don't want there to be any misunderstanding. When I represented criminal defendants many times . . . I would hear . . . over and over again, 'Nobody told me', or 'If I would have known this was going to happen'—so that there can be no question about that Mr. Leiker, I've now [told] you. So there's no doubt in your mind.
>
> "If I see you again on a probation violation, you will go to the penitentiary and serve that prison sentence."

The district judge asked if that was clear, and Leiker answered, "Yes."

Unfortunately for Leiker, on August 5, 2014, Leiker's intensive supervision officer filed an affidavit alleging Leiker violated several probation conditions, including testing positive for methamphetamine, failing to report for drug treatment, failing to be home for random surveillance checks after curfew, and failing to answer the door for a surveillance check because a person Leiker knew to be an absconded felon was at his house. The State then filed a motion to revoke Leiker's probation. The probation revocation hearing was held September 10, 2014.

After the evidence had been presented, the district judge stated he did not need arguments from the parties because he remembered the case well since he had only recently sentenced Leiker. The judge reiterated that Leiker's sentence should have been presumptive prison, but the court had granted the departure motion that allowed Leiker to serve the sentence on probation instead. The judge reminded Leiker that Leiker had said he was going to give probation his best effort and that if the judge saw him again, Leiker's probation would be revoked. Finally, the district judge stated:

> "The court's going to find that the welfare of the offender wouldn't be served by the sanction. The court's going to find further, society wouldn't be served by the sanction. The court's going to find, based upon the testimony here today, the Affidavit that's been admitted, and the findings I've made on the record, that probation should be revoked and you will be remanded to the custody of the Ellis County Sheriff to serve your sentence with the Department of Corrections."

The probation revocation journal entry listed as reasons for revocation that Leiker had new felony charges in Ellis County case 14CR396, that Leiker was not amenable for treatment as testified to by the director of community corrections, and that Leiker had committed multiple probation violations.

Leiker timely appeals.

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING LEIKER'S PROBATION?

On appeal, Leiker argues that the district court abused its discretion by automatically revoking his probation instead of using its discretion to determine whether revocation was necessary.

Probation from a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.'

3

[Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, "revocation is in the sound discretion of the district court." *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party alleging an abuse of discretion has the burden of demonstrating it. *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014).

Leiker argues that the district court indicated it had a policy of always imposing the underlying sentence when a defendant violated probation after that defendant obtained his or her probation sentence through a dispositional departure. He argues that the district court's automatic imposition of his prison sentence constitutes an abuse of discretion because "it is an abuse of discretion to refuse to exercise discretion or fail to appreciate the existence of the discretion to be exercised." *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011).

Leiker specifically relies upon the pre-Kansas Sentencing Guidelines Act case *State v. Fisher*, 249 Kan. 649, 822 P.2d 602 (1991), in which our Supreme Court reversed the district court's imposition of a prison sentence on a cocaine conviction because, when imposing the sentence, the district judge stated: "'This Court does not grant [probation] on convictions of cocaine, first offense or any other.'" 249 Kan. at 652. Fisher argued that the district court's decision did not consider her individual situation and was counter to K.S.A. 21-4601, which applied to all dispositions and required that "persons convicted of a crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities." The Supreme Court found that even though the district court expressed other reasons for imposing the prison sentence, its closing remark demonstrated that it sentenced the defendant to prison solely because she was convicted of possession of cocaine, which constituted an abuse of discretion. 249 Kan. at 652.

4

We find *Fisher* to be distinguishable from the current case. The factors from K.S.A. 21-4601 that the district court was supposed to consider in *Fisher* do not apply in this case. Leiker cites K.S.A. 2014 Supp. 22-3716(c)(1)(A), which gives the district court broad discretion in deciding what type of sanction to impose upon revoking probation. Because the district court has broad discretion, it is not clear that the district court would have erred even if it relied solely on the fact that Leiker's probation had been imposed as part of a departure sentence.

Nevertheless, Leiker's position that the district court automatically imposed the prison sentence is not supported by the record. Leiker had already served a 3-day sanction in May 2014 for violating the terms of his probation. Although the district judge reminded Leiker that he had said he would order Leiker to serve the prison sentence if the judge saw him again, the judge actually considered Leiker's history on probation and the information in the affidavits submitted. The district court determined—based on Leiker's actions while on probation—that neither Leiker's welfare nor society would be served by any sanction besides imposition of the prison sentence.

Additionally, the State argues that Leiker was not entitled to any graduated sanction under K.S.A. 2014 Supp. 22-3716(b) because the felony convictions specified in K.S.A. 2014 Supp. 21-6804(i) are excluded from the graduated sanctions provision. Leiker argues that his drug offense is not one of those specified felony convictions. We need not address whether Leiker's conviction fell under the exemptions to the graduated sanctions provision because the district court found that Leiker committed a new offense while on probation, in which case the graduated sanctions also do not apply. See K.S.A. 2014 Supp. 22-3716(c)(8).

Affirmed.

5