NOT DESIGNATED FOR PUBLICATION

No. 124,219

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY BUSBY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed April 1, 2022. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Taylor A. Hines*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: After Defendant Timothy R. Busby had served roughly 13 years in prison on three felony convictions for aggravated burglary and burglary, he requested that the Wyandotte County District Court parole him from some or all of the consecutive sentences totaling 30 months he had yet to serve in jail on three related misdemeanors. By then, the judge imposing those sentences had retired, and the judge inheriting the case denied Busby's request because she would not "second guess" the original judge. Given a district court's statutory prerogative to modify misdemeanor sentences, the reason displays either an arbitrariness or a failure to exercise judicial discretion that is, itself, an

1

abuse of discretion. We, therefore, reverse the district court's decision and remand with directions to convene a new hearing to again consider Busby's request.

After a jury convicted Busby of two counts of aggravated burglary, one count of burglary, two counts of misdemeanor theft, and one count of misdemeanor criminal damage to property in 2008, District Court Judge J. Dexter Burdette sentenced Busby to consecutive sentences totaling 175 months on the felonies and consecutive sentences of 12 months on each misdemeanor theft and 6 months on the misdemeanor criminal damage to property (totaling 30 months). Judge Burdette ordered that Busby serve the misdemeanor sentences in the Wyandotte County Jail after completing the felony sentences in the State prison system.

As Busby was nearing the end of the prison term in 2021, he filed a motion asking the district court to parole him from the misdemeanor sentences given his age—he was then about 60 years old—along with the time he would ultimately serve on the felonies— about 14 years—and his demonstrable rehabilitation while incarcerated. The State opposed the motion, arguing that Busby had not been rehabilitated as he claimed and that Judge Burdette's sentencing decision "needs to be respected." As we indicated, Judge Burdette had retired by then.

District Court Judge Jennifer L. Myers handled the case and held a short hearing on the motion on June 30, 2021. The lawyers for Busby and the State outlined their respective positions. In denying the parole request, Judge Myers pointed out that Judge Burdette had given Busby the maximum sentences possible on the convictions without an upward durational departure by running each term of incarceration consecutive to the others. Judge Myers explained that she felt as if Busby's lawyer was "asking me to overrule another [j]udge's decision[,] and I don't think that I'm in a position to do that." She added that she agreed Judge Burdette's sentencing determination "should be

2

respected." Judge Myers offered no further explanation for rejecting the motion—so she did not comment on Busby's age or purported rehabilitation. Busby has appealed.

A district court has the authority under K.S.A. 2020 Supp. 21-6608(b) to parole a defendant from a sentence of confinement in a county jail for a misdemeanor conviction. In granting parole, the district court may impose conditions on the defendant's conduct upon release for up to two years. K.S.A. 2020 Supp. 21-6603(e) (defining parole); K.S.A. 2020 Supp. 21-6608(b) (duration of parole). Parole may be from the entire misdemeanor sentence or some portion of it.

Given the broad latitude afforded district courts, the decision to parole a defendant from a misdemeanor sentence entails the exercise of judicial discretion. *State v. Holt*, 255 Kan. 416, 422, 874 P.2d 1183 (1994). We, therefore, review those rulings for abuse of that discretion.

A district court may be said to have abused its discretion if the result it reaches is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills, LLC*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). The Kansas Supreme Court has described an arbitrary decision as one "'without adequate determining principles [or] not done . . . according to reason or judgment.'" *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, 271, 241 P.3d 15 (2010). An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). And a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019) (outlining all three bases for an abuse of discretion); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

3

In addition, a district court effectively abuses its discretion either by failing to recognize the discretion it has or by declining to exercise that discretion. *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017). Thus, "[i]t is an abuse of discretion for a district court to issue a 'blanket ruling' that disposes of a discretionary determination automatically without analyzing the factors that would enter into the discretionary decision." *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011). Busby carries the burden to show the district court abused its discretion in some manner. *State v. Powell*, 308 Kan. 895, Syl. ¶ 5, 425 P.3d 308 (2018).

A district court has the discretionary authority to grant parole to misdemeanants to take account of their reasonably successful efforts at rehabilitation or at otherwise making amends for their wrongdoing in ways indicating their continued incarceration would not well serve their best interests or those of the community at large. Here, Judge Burdette would have been obligated to examine the factual underpinnings for Busby's claim for relief from the jail sentences and to then make a determination whether those circumstances in 2021 warranted some dispensation. Especially given the length of time between the original sentencing and Busby's request for parole, Judge Burdette could not have simply dismissed the request out-of-hand by reasoning that his original sentence was entirely appropriate when imposed and necessarily remained so. That would be an abdication of the statutory discretion accorded district courts in considering parole and, therefore, an abuse of discretion. The Kansas appellate courts have recognized that sort of categorical decision-making to be improper in rendering sentencing determinations calling for the exercise of judicial discretion. See *State v. Fisher*, 249 Kan. 649, 652, 822 P.2d 602 (1991) (district court abused discretion by refusing to consider probation for defendant for the stated reason it never granted probation on cocaine convictions despite statutory authority to do so); *State v. Welch*, No. 121,700, 2020 WL 5083324, at *4 (Kan. App. 2020) (unpublished opinion) (district court abused discretion by refusing to consider reducing defendant's sentence upon revocation of probation for the stated reason "'I don't

4

modify sentences when somebody violates'" because statute permitting reduction called for individualized determination).

Here, Judge Myers had the same obligation to use *her* judicial discretion in weighing Busby's request for parole. She could not (and did not) exercise that discretion by unconditionally deferring to the original sentencing determination made 13 years earlier simply because she did not wish "to overrule" another judge. See *In re Marriage of Mullokandova and Kikirov*, No. 108,601, 2013 WL 5422358, at *4 (Kan. App. 2013) (unpublished opinion) (assuming abuse of discretion when visiting judge replacing retired judge denied motion for reconsideration because he would not "'second guess'" original judge). Moreover, Judge Myers did not mention, let alone apparently consider, the substantive reasons Busby presented to support his request. That is likely arbitrary. The decision also ignores the statutory framework for considering motions for misdemeanor parole and seemingly disregards the proffered facts.

For those reasons, the denial of Busby's request for parole amounted to an abuse of discretion and, therefore, must be set aside. On remand, Busby is entitled to a new hearing on his request. To be clear, however, we are neither suggesting what conclusion the district court should reach nor limiting the circumstances the district court may consider in reaching that conclusion. Judge Burdette's original sentences and the stated reason for imposing those sentences have some relevance, just as Busby's conduct in prison since 2008 does.

Reversed and remanded to the district court with directions to hold a new hearing on Busby's motion for parole.